998 So.2d 659 (2008)
Gary MERRELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-1865.
District Court of Appeal of Florida, Third District.
December 31, 2008.
Gary Merrell, in proper person.
Bill McCollum, Attorney General, and Nikole Hiciano, Assistant Attorney General, for appellee.
Before CORTIÑAS, ROTHENBERG, and LAGOA, JJ.
ROTHENBERG, J.
The defendant, Gary Merrell ("Merrell"), appeals the trial court's denial of his motion to correct what he claims were illegal sentences imposed in case numbers 89-5490(A), 89-5491, 89-5618, 89-5619, 89-5620(A), and 89-8856. We affirm.
Merrell was charged with committing multiple offenses under multiple case numbers. On October 1, 1990, Merrell entered a plea of guilty to the offenses charged in the above-listed cases and two additional cases not listed in his motion to correct illegal sentences, case numbers 89-4346 and 89-12881. Pursuant to the negotiated plea, Merrell was sentenced to forty-year sentences on each first degree felony punishable by life imprisonment and each life felony, fifteen years on each second degree felony, and five years on the sole third degree felony. The sentence imposed on each count and each case was ordered to run concurrent with the other sentences imposed.
Merrell claims that the habitual offender designations imposed for the life felonies were error. While we agree that in 1990, when the sentences were imposed in the instant cases, a habitual offender sentence was not authorized for life felonies, see Lamont v. State, 610 So.2d 435 (Fla. 1992) (holding that the habitual offender act, as it existed in 1989, did not apply to those who were convicted of life felonies), the forty-year sentences imposed in the instant cases are not illegal sentences subject to correction under rule 3.800(a) because *660 the sentences were imposed pursuant to a negotiated plea. See State v. McBride, 848 So.2d 287 (Fla.2003) (finding no manifest injustice requiring resentencing of a life felony where McBride pled guilty pursuant to a negotiated plea with the State and received thirty-year sentences for three offenses as a habitual offender and one of the offenses was a life felony).
Merrell pled guilty to the following offenses and received the sentences indicated:

89-4346
 Count 1aggravated assault 5 years
 Count 2possession of a firearm by a
 convicted felon 15 years
89-5490(A)
 Count 1attempted first degree murder 40 years
 Count 2armed burglary 40 years
 Count 3armed robbery 40 years
 Count 4armed robbery 40 years
 Count 5armed robbery 40 years
 Count 6possession of a firearm while
 engaged in a criminal offense. 15 years
89-5491
 Count 1armed robbery 40 years
 Count 2armed robbery 40 years
 Count 3armed robbery 40 years
 Count 4kidnapping 40 years
 Count 5kidnapping 40 years
 Count 6possession of a firearm while
 engaged in a criminal offense 15 years
89-5618
 Count 1armed robbery 40 years
89-5620(A)
 Counts 1-4armed robbery 40 years
 Counts 5-8armed kidnapping 40 years
89-8856
 Count 1armed burglary 40 years
 Count 2armed robbery 40 years
 Count 3armed kidnapping 40 years
 Count 4possession of a firearm while
 engaged in a criminal offense 15 years
89-12881
 Count 1armed robbery 40 years

Although arguably, some of the offenses Merrell pled to are life felonies which were not subject to habitual offender classification in 1990, the forty-year sentences imposed are within the statutory maximum, the sentences were all ordered to run concurrently, and in each case where a habitual offender sentence was imposed for a life felony, the sentence was ordered to run concurrent with a legally authorized forty-year habitual offender sentence. Thus, we find, as the Florida Supreme Court found in McBride, there is no manifest error requiring correction of Merrell's sentences imposed pursuant to his negotiated plea.
We find Merrell's claim, that the sentences imposed in each case must be reversed because they were imposed as "general forty-year sentences," is without merit. The plea transcript reflects that the trial court carefully articulated the individual sentences being imposed as to each count in each case.
Affirmed.