# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-507

STATE OF LOUISIANA

VERSUS

C. S.

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 148,070
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Charles A. Riddle, III
District Attorney, Twelfth Judicial District Court
P. O. Box 1200
Marksville, LA 71351
Telephone: (318) 253-6587
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

Timothy D. Shumate
The Shumate Law Firm, LLC
4501-A Jackson Street
Alexandria, LA 71303
Telephone: (318) 448-0831
COUNSEL FOR:
    Defendant/Appellant - C.S.

Andrea D. Aymond
Assistant District Attorney - Twelfth Judicial District Court
120 East Mark Street
Marksville, LA 71351
Telephone: (318) 240-7232
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

**THIBODEAUX, Chief Judge.**

Defendant, C.S.,[1] was indicted on November 20, 2008, on two counts of aggravated rape, violations of La.R.S. 14:42. Defendant waived his right to trial by jury, and he was found guilty of one count of aggravated rape. He was sentenced to life imprisonment without the benefit of parole, probation, or suspension of sentence. Defendant did not file a motion to reconsider the sentence.

Defendant perfected a timely appeal. He raises four assignments of error: "(1) the court committed reversible error when it convicted appellant on insufficient evidence; (2) the appellant's right of witness confrontation was violated; (3) the appellant was prejudiced and harmed by ineffective assistance of counsel; and (4) the mandatory sentence is unconstitutionally excessive." For the following reasons, we affirm Defendant's conviction and sentence.

I.

## ISSUES

We shall consider whether:

(1)  the evidence was insufficient to support Defendant's conviction by the trial court;

(2)  Defendant's right to confront witnesses was violated;

(3)  Defendant was prejudiced by ineffective assistance of counsel; and,

(4)  Defendant's sentence was constitutionally excessive.

---

[1]As required by La.R.S. 46:1844W, the initials of the parties involved are used to protect the identity of the victim.

II.

## FACTS

On July 29, 2008, Defendant filed a complaint of molestation of his six-year-old daughter, accusing his former girlfriend's brother of the abuse. The victim and her two brothers, ages five and three, were taken to Avoyelles Hospital and examined by an emergency room doctor the same day. The examination revealed that the girl had been sexually abused. The Office of Community Services ("OCS") was contacted, and an appointment was made with the Children's Advocacy Center to interview the children on August 1, 2008. Several days after the interview, Defendant informed the investigating officer that he wanted to "drop charges" and that he was taking the children and leaving the area. Concerned for the welfare of the victim, the investigating officer and OCS arranged a second examination with Dr. Mayeaux, a family physician and forensic expert, on August 7, 2008. Dr. Mayeaux reported that there was significant evidence of additional sexual molestation of the girl since the first exam on July 29, 2008. At this time, the children were taken from their father's custody and placed in foster care. During a second interview at the Children's Advocacy Center, the victim stated that it was Defendant who had been sexually assaulting her.

Following the second interview, wherein the victim named her father as the assailant, Defendant was arrested on September 26, 2008, and charged with two counts of aggravated rape.

III.

## LAW AND DISCUSSION

### (A) Sufficiency of Evidence

Defendant asserts that the evidence presented was insufficient to sustain

a verdict of aggravated rape. Defendant does not, however, address specifically in what manner the evidence was insufficient. He merely cites the law on sufficiency of the evidence and reiterates the facts of the case. Defendant's presentation of the facts, however, indicates that he questions the victim's credibility.

In *State v. Lambert,* 97-64, pp. 4-5 (La.App. 3 Cir. 9/30/98), 720 So.2d 724, 726-27, this court stated:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody,* 393 So.2d 1212 (La.1981).

The testimony of a single witness is sufficient to support a verdict absent internal contradiction or irreconcilable conflict with the physical evidence, and any credibility determination made by the trier of fact is normally not within the purview of the reviewing court. *State v. Schexnaider,* 03-144 (La.App. 3 Cir. 6/4/03), 852 So.2d 450; *State v. Watson,* 39,362 (La.App. 2 Cir. 4/20/05), 900 So.2d 325; *State v. Hotoph,* 99-243 (La.App. 5 Cir. 11/10/99), 750 So.2d 1036, *writs denied,* 99-3477 (La. 6/30/00), 765 So.2d 1062 and 00-150 (La. 6/30/00), 765 So.2d 1066.

> Aggravated rape, in pertinent part, is defined as:
>
> A. Aggravated rape is a rape committed upon a person sixty-five years of age or older or where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
>
> . . . .
>
> (4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.

3

. . . .

La.R.S. 14:42.

Defendant does not argue in what way the evidence was insufficient other than implying through the recitation of the facts that the victim's testimony was not credible because she had changed her accusation of who abused her several times. After she was removed from Defendant's custody, the victim stated that the Defendant abused her, and she consistently maintained that position through the trial. In *State v. Rideaux*, 05-446, p. 2 (La.App. 3 Cir. 11/2/05), 916 So.2d 488, 491, this court quoted the following ruling in *State v. Roca*, 03-1076, pp. 11-12 (La.App. 5 Cir. 1/13/04), 866 So.2d 867, 874, *writ denied*, 04-583 (La. 7/2/04), 877 So.2d 143, which in pertinent part stated: "In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual finding."

Considering the evidence in a light most favorable to the prosecution, sufficient evidence exists to sustain the verdict of aggravated rape of a child under the age of thirteen years.

### *(B) Confrontation of a Witness and Ineffective Assistance of Counsel*

Defendant argues that he was denied his constitutional right to confront a witness—the victim. Specifically, he asserts that defense counsel obstructed his view of the victim as she was testifying; therefore, he was not able to see or observe her demeanor. Accordingly, Defendant asserts defense counsel acted ineffectively because he blocked Defendant's view of the witness.

> The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." This right provides "'two types of protections for a criminal

4

defendant: the right physically to face those who testify against him, and the right to conduct cross-examination.'" *Coy v. Iowa*, 487 U.S. 1012, 1017, 108 S.Ct. 2798, 2801, 101 L.Ed.2d 857 (1988). However, public policy considerations and necessities may take precedence over "face-to-face" confrontation. *Maryland v. Craig*, 497 U.S. 836, 849, 110 S.Ct. 3157, 3165, 111 L.Ed.2d 666 (1990).

*State v. Welch,* 99-1283, p. 4 (La. 4/11/00), 760 So.2d 317, 320.

With regard to ineffective assistance of counsel, the second circuit stated the following:

The right of a defendant in a criminal proceeding to the effective assistance of counsel is mandated by the Sixth Amendment to the U.S. Constitution. *State v. Wry*, 591 So.2d 774 (La.App. 2d Cir.1991). A claim of ineffectiveness of counsel is analyzed under the two-prong test developed by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

To establish that his attorney was ineffective, the defendant first must show that counsel's performance was deficient. The assessment of an attorney's performance requires his conduct to be evaluated from counsel's perspective at the time of the occurrence. A reviewing court must give great deference to trial counsel's judgment, tactical decisions and trial strategy, strongly presuming he has exercised reasonable professional judgment. *State v. Moore,* 575 So.2d 928 (La.App. 2d Cir. 1991).

Second, the defendant must show that counsel's deficient performance prejudiced his defense. This element requires defendant to establish that but for counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. *Strickland, supra.*

*State v. Kinsey*, 42,935, pp. 9-10 (La.App. 2 Cir. 2/13/08), 976 So.2d 315, 320.

Defendant's view of the victim was not obstructed during her testimony. The child testified from the stand. At that time, she pointed to and identified Defendant as her father and the man who sexually abused her. During her testimony, Defendant interrupted his attorney's cross-examination three times in order to confer

with him, and once spoke directly to the victim. Nothing indicates that defense counsel blocked Defendant's view of the witness.

Though procedures are available to protect a child victim of sexual abuse from having to look at her assailant in court, the court employed no such procedure in this case. *See* La.R.S. 15:283; *State v. Brockel*, 98-1089 (La.App. 5 Cir. 3/30/99), 733 So.2d 640, *writ denied*, 99-1516 (La. 10/15/99), 748 So.2d 469; *State v. Smith*, 95-734 (La.App. 5 Cir. 1/30/96), 668 So.2d 1260, *writ denied,* 98-1406 (La. 10/16/98), 726 So.2d 899.

Defendant's allegation that his constitutional right to confront a witness was violated has no merit. Thus, Defendant also fails to show that defense counsel rendered ineffective assistance of counsel by blocking his view of the witness.

### (C) *Constitutionality of Sentence*

Defendant argues that the mandatory sentence of life imprisonment is constitutionally excessive. The trial court convicted Defendant of aggravated rape, a violation of La.R.S. 14:42, which provides in pertinent part that "[w]hoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence." Accordingly, Defendant was sentenced to the mandatory minimum sentence.

In *State v. Johnson*, 97-1906, p. 8 (La. 3/4/98), 709 So.2d 672, 676, the supreme court held:

> [T]o rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:
>
>> [he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of

the offender, the gravity of the offense, and
the circumstances of the case.

[*State v.*]*Young*, 94-1636 at pp. 5-6, [(La.App. 4 Cir.
10/26/95)] 663 So.2d [525] at 528 (Plotkin, J., concurring).

Defendant did not file a motion for reconsideration of the sentence. At the sentencing hearing, following the trial court's recitation of the sentence, Defendant merely agreed with the trial court that he objected to the sentence.

Louisiana Code of Criminal Procedure Article 881.1 provides, in pertinent part:

A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.

. . . .

E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Defendant again merely cites the law on excessive sentences, but he makes no argument as to how he is exceptional or why the sentence is excessive in his case. Moreover, this court has consistently held that the mandatory minimum sentence of life imprisonment for convictions of aggravated rape of a child under the age of thirteen is constitutional. *See State v. D.T.*, 08-814 (La.App. 3 Cir. 12/11/08), 998 So.2d 1258, *writ denied*, 09-624 (La. 11/25/09), 22 So.3d 171.

## V.

## <u>**CONCLUSION**</u>

We affirm Defendant's conviction for aggravated rape and the sentence of life imprisonment.

**AFFIRMED.**