STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1469

STATE OF LOUISIANA

VERSUS

G.T., JR.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 12283-09
HONORABLE DAVID KENT SAVOIE, DISTRICT JUDGE

**********

**SHANNON J. GREMILLION**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and
Shannon J. Gremillion, Judges.

**Thibodeaux, Chief Judge, concurs and assigns additional reasons.**

**REMANDED WITH INSTRUCTIONS.**

**John Foster DeRosier**
**District Attorney**
**14th Judicial District**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**Counsel for Appellee:**
**State of Louisiana**

**Carla Sue Sigler**
**Assistant District Attorney**
**14th Judicial District**
**P. O. Box 3206**
**Lake Charles, LA 70602**
**(337) 437-3400**
**Counsel for Appellee:**
**State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**Counsel for Defendant/Appellant:**
**G.T., Jr.**

**GREMILLION, Judge**.

Defendant, G.T., Jr., pled no contest to the rape of his half-sister. The record before us alleges that Defendant had sex with the victim while she was under the influence of alcohol and unaware of his actions. The victim had consumed several shots of alcohol that evening and had passed out. The next morning, the victim experienced pain in her vaginal and anal areas and was told by Defendant that she had fallen down several times. However, the victim became suspicious that she had been raped. She continued to experience pain, and she eventually went to the hospital, where a rape kit was performed. Through DNA analysis, the sperm found in her vagina was determined to be that of Defendant.

Defendant was indicted by a grand jury with simple rape, a violation of La.R.S. 14:43(A)(1). Defendant entered a plea of no contest to the charge in exchange for the dismissal of a third DWI charge and misdemeanor charges of improper lane use and no driver's license in possession in an unrelated docket number. As part of the plea agreement, the State also agreed not to charge Defendant as a habitual offender. Thereafter, Defendant returned to court, where he amended his no contest plea to add that the plea was also made pursuant to *State v. Crosby*, 338 So.2d 584 (La.1976), to preserve his right to contest the trial court's denial of his oral motion to declare unconstitutional the majority verdict law.

Defendant was sentenced to twenty years at hard labor, without benefit of probation, parole, or suspension of sentence, to be served consecutively to any other sentence he may be serving. Then, a "Motion to Withdraw No Contest Plea and Set Aside Conviction, Sentence, and Sex Offender Registration, or Alternatively, for

1

Resentencing" was filed with the trial court. Following a hearing, the motion to withdraw the plea or amend the sentence was denied.

Defendant now appeals, asserting that his no contest plea should have been withdrawn based on three errors: 1) he may not have pled as he did if he had properly understood how many jurors would sit in judgment, as well as how many guilty votes would be required for a conviction; 2) his plea may have been different if he had been advised that he would not be sentenced as a habitual offender; and, 3) he would have reconsidered his plea had he been advised that he would be subject to sex offender registration.

He faults his counsel for not properly explaining the composition of the jury, and for advising him that he was facing a potential habitual offender sentence. Moreover, he says his counsel was ineffective. He faults the trial court for not properly or timely advising him as to his sex offender registration requirement.

## MAJORITY VERDICT

Defendant argues that his no contest/*Crosby* plea is both constitutionally infirm and was entered on the advice of counsel that was either wholly incorrect or given without proper consideration of the facts in this case. As a result, Defendant asserts he was denied the right to effective assistance of counsel.

As noted by this court in *State v. Christien*, 09-890, p. 7 (La.App. 3 Cir. 2/3/10), 29 So.3d 696, 701:

> A claim for ineffective assistance of counsel is properly raised in an application for post-conviction relief because this allows the trial court to order a full evidentiary hearing on the matter. *State v. Burkhalter*, 428 So.2d 449 (La.1983). However, where the record contains sufficient evidence to decide the issue, and the issue is raised by an assignment of error on appeal, it may be considered by the appellate court. *State v. Tapp*, 08-1262 (La.App. 3 Cir. 4/1/09), 8 So.3d

2

804; *See also State v. James*, 95-962 (La.App. 3 Cir. 2/14/96), 670 So.2d 461.

*See also State v. Jones*, 09-1453 (La.App. 3 Cir. 8/11/10), 45 So.3d 1136, *writs denied*, 10-504 (La. 2/18/11), 57 So.3d 328, 10-2132 (La. 2/11/11), 57 So.3d 330.

The second circuit in *State v. Kinsey*, 42,935, p. 9 (La.App. 2 Cir. 2/13/08), 976 So.2d 315, 320-321, said of ineffective assistance of counsel claims:

> The right of a defendant in a criminal proceeding to the effective assistance of counsel is mandated by the Sixth Amendment to the U.S. Constitution. *State v. Wry*, 591 So.2d 774 (La.App. 2d Cir. 1991). A claim of ineffectiveness of counsel is analyzed under the two-prong test developed by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

> To establish that his attorney was ineffective, the defendant first must show that counsel's performance was deficient. The assessment of an attorney's performance requires his conduct to be evaluated from counsel's perspective at the time of the occurrence. A reviewing court must give great deference to trial counsel's judgment, tactical decisions and trial strategy, strongly presuming he has exercised reasonable professional judgment. *State v. Moore*, 575 So.2d 928 (La.App. 2d Cir. 1991).

> Second, the defendant must show that counsel's deficient performance prejudiced his defense. This element requires defendant to establish that but for counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. *Strickland*, *supra*; *State v. Pratt*, 26,862 (La.App. 2d Cir. 4/5/95), 653 So.2d 174, *writ denied*, 95-1398 (La. 11/3/95), 662 So.2d 9.

*See also State v. C.S.*, 10-507 (La.App. 3 Cir. 11/17/10), 50 So.3d 983.

At a hearing held two days after the no contest plea was accepted by the trial court, it advised Defendant of the sex offender notification requirements. Afterwards, defense counsel orally moved to challenge the constitutionality of the majority verdict law and to amend Defendant's no contest plea, making it also a *Crosby* plea to preserve the issue for appeal. Defense counsel stated that Defendant could be convicted by a vote of ten out of twelve jurors, rather than a unanimous jury, and that

3

this majority verdict law was unconstitutional. The trial court denied the motion and amended the plea without objection from the State.

Defendant now contends on appeal that he was misinformed by defense counsel with regard to the majority verdict law. In the motion to withdraw his plea, Defendant did not claim that his plea was based on the possibility of being convicted by only ten of twelve jurors. The issue, however, was raised at the hearing on Defendant's motion to withdraw his plea. The State indicated that the law was not applicable to the instant case because a six-person jury, which required a unanimous vote for a conviction, was mandated. Defense counsel agreed that it was not an issue and stated that it was not the main predicate for Defendant's plea. He explained:

> [I]t was one of the things that was on my mind at the time. And I said so on the record. I didn't file any motion against the majority verdict law in this case, but I probably would have tried to do it if we were going to try it. And you would have denied it because it's a unanimous jury of six persons.

The record clearly indicates that Defendant's trial counsel incorrectly advised him that he could be convicted of simple rape by a majority verdict and encouraged him to enter a no contest/*Crosby* plea based, in part, on that information. Louisiana Code of Criminal Procedure Article 782(A) provides, in pertinent part, "Cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict." The sentence for simple rape may be imposed with or without hard labor. La.R.S. 14:43(B). A unanimous jury of six was required for a guilty verdict. In this regard, the record before us supports the finding that defense counsel's performance fell below an objective standard of reasonableness under prevailing professional norms (i.e., the first prong under *Strickland*).

4

Defense counsel attempted to minimize the influence his advice had on Defendant's decision to enter a no contest/*Crosby* plea, but his assertion was not made until after Defendant entered his plea to simple rape and was sentenced. Further, the record neither supports nor rejects defense counsel's claim that consideration of the majority verdict law was an incidental consideration in advising Defendant to initially enter a no contest plea and then to amend the plea to reflect it was also a *Crosby* plea.

The unnecessary fear of being convicted of simple rape by a majority verdict may have significantly influenced Defendant's decision to enter the plea in the instant case. Defendant, however, did not testify at the hearing on his motion to withdraw, nor was any evidence presented at the hearing other than defense counsel's argument, intended to show that Defendant relied on his counsel's misinformation when he entered his no contest/*Crosby* plea.

Accordingly, the record is not sufficient to make a determination of whether Defendant was indeed significantly influenced by the inaccurate legal advice. The second prong of *Strickland* requires that Defendant show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding [entry of the no contest plea] would have been different." *Strickland*, 466 U.S. at 694. We, therefore, expressly decline to rule on Defendant's ineffective assistance of counsel claim, believing that such a claim is more properly raised in an application for post-conviction relief. We do, however, find that not only is the record inadequate as to the claim of ineffective counsel, but it is also inadequate as to the question of whether Defendant's plea was infirm. Thus, we will remand this matter to the trial court to further develop the record in this regard.

## HABITUAL OFFENDER

At Defendant's sentencing hearing, defense counsel indicated that some of his colleagues had questioned whether the habitual offender law was applicable to the enhancement of a sentence for DWI, third offense, or simple rape, based on Defendant's prior offenses. As such, counsel believed that he may have advised Defendant to plead guilty out of fear of something Defendant was not actually facing. Defense counsel later reiterated that the State's agreement to not seek a habitual offender bill "had everything to do" with Defendant's choice to enter a no contest plea.

About a month after sentencing, Defendant filed a motion to withdraw his no contest plea. In his motion, defense counsel asserted that at the time of his plea, Defendant was erroneously advised that even if he was acquitted of simple rape, he would be facing a sentence of thirteen to forty years if convicted of DWI, third offense, under the habitual offender law. As such, defense counsel advised Defendant that the risk under the majority verdict law was too great and the enhanced penalties were too severe for Defendant to exercise his right to a trial on the simple rape charge. After Defendant entered his plea, defense counsel came to believe that the habitual offender law was not applicable to either of Defendant's charges because his predicate offenses did not fit the statutory scheme as provided in La.R.S. 15:529.1. Thus, the reason for advising Defendant to enter a no contest plea was erroneous, and therefore, Defendant should be permitted to withdraw his plea.

At the hearing on the motion, the State disagreed with defense counsel's interpretation of La.R.S. 15:529.1 and maintained it applied to convictions for both offenses. The trial court then stated:

I read 15.529.1 as "Any person who after being convicted within this state of a felony . . ." Okay.

And there is no question in my mind that he has been previously convicted of a felony.

And then the next part, " . . . or adjudicated a delinquent under Title 8 of the Louisiana Children's Code for the commission of a felony-grade . . ." -- so, you are dealing with a juvenile, a delinquent child -- of either the CDS or a crime of violence.

MR. ALEXANDER:

That's the mistake I am making.

THE COURT:

You are trying to add that language to a felony and qualify a felony. But that's only qualifying the type of crime that a juvenile could be considered as a habitual offender, as I read it.

And then it says, ". . . thereafter commits a felony . . ." I mean, it doesn't qualify that. So, that leads me to believe that my interpretation is correct.

And, so, if your argument is based upon what you think that reads, then I think you properly told your client what the law was.

Defense counsel conceded he was confused in his interpretation of La.R.S. 15:529.1, and he was more comfortable with the trial court's denial of the motion than Defendant's withdrawal of his plea. Defense counsel also indicated that there was no other basis which the trial court needed to consider in ruling on the motion.

On appeal, Defendant argues that DWI, third offense, is considered a status offense and, thus, could not have been enhanced under the habitual offender law even if the predicate offenses were not DWIs. In support of his argument, Defendant refers to *State v. Campbell*, 03-3035 (La. 7/6/04), 877 So.2d 112, in which the defendant was found guilty of DWI, third offense. The State filed a habitual offender bill under La.R.S. 15:529.1, alleging prior felony convictions for attempted unauthorized entry

7

of an inhabited dwelling and simple burglary. The trial court granted the defendant's motion to quash, and the ruling was affirmed on appeal. On writs, the supreme court stated:

> [I]n giving a genuine construction consistent with the plain language of La.Rev.Stat. 14:98 D(1), and keeping in mind the strict construction mandated under the rule of lenity, the defendant's sentence cannot be enhanced without benefit of suspension pursuant to La.Rev.Stat. 15:529.1. The plain language of La.Rev.Stat. 14:98 D(1) mandates a suspended sentence and treatment for the substance abuse disorder, notwithstanding any other provision of law to the contrary.
>
> The provisions of La.Rev.Stat. 14:98 B(1) cannot be harmonized with La.Rev.Stat. 15:529.1 A(1)(b) and G. In accordance with the intent evidenced by the Legislature in enacting 2001 La. Acts 1163, and the principle that the statute specifically directed to the matter at issue should prevail as an exception to the statute more general in character, we find the district court correctly applied the sentencing provisions of La.Rev.Stat. 14:98.

*Campbell*, 877 So.2d at 118.

Accordingly, the supreme court found that a DWI third-offender could not be sentenced pursuant to La.R.S. 15:529.1 even if the offender had two prior non-DWI felony convictions. Habitual offender adjudication would preclude the trial court from imposing a sentence in compliance with La.R.S. 14:98(D).

Since the time of the offense in *Campbell* and prior to the time of Defendant's DWI offense, the applicable section of La.R.S. 14:98 was revised in 2004 and 2005. Prior to the 2004 amendment, section (D)(1)(a) (emphasis added) read:

> On a conviction of a third offense, notwithstanding any other provision of law to the contrary and regardless of whether the offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years and shall be fined two thousand dollars. Thirty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. *The remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the offender's substance abuse disorder.*

8

Following the 2004 amendment, section D(1)(a) (emphasis added) read:

> On a conviction of a third offense, notwithstanding any other provision of law to the contrary and regardless of whether the offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years and shall be fined two thousand dollars. Thirty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended, *and the offender shall be placed on supervised probation with the Department of Public Safety and Corrections, division of probation and parole, for a period of time equal to the remainder of the sentence of imprisonment, which probation shall commence on the day after the offender's release from custody.*

Following the 2005 amendment, section D(1)(a) (emphasis added) read:

> On a conviction of a third offense, notwithstanding any other provision of law to the contrary and regardless of whether the offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years and shall be fined two thousand dollars. Thirty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. *The court, in its discretion, may suspend all or any part of the remainder of the sentence of imprisonment. If any portion of the sentence is suspended,* the offender shall be placed on supervised probation with the Department of Public Safety and Corrections, division of probation and parole, for a period of time equal to the remainder of the sentence of imprisonment, which probation shall commence on the day after the offender's release from custody.

Although there is no bill of information in the record for Defendant's DWI, third offense, charge, a rap sheet generated on June 16, 2009, which is a part of the instant record, makes reference to an arrest for DWI on July 25, 2008. The 2005 amendment of La.R.S. 14:98(D)(1), omitting the language that required the trial court to suspend the remainder of a defendant's sentence in lieu of a substance abuse evaluation, is the appropriate statutory provision for a DWI, third offense, committed in 2008. The language omitted by the 2005 amendment was the very language upon

9

which the *Campbell* decision was based. Accordingly, the ruling in *Campbell* would not be applicable to a conviction for DWI, third offense, committed in 2008.

At the time Defendant was sentenced for simple rape, the trial court noted he had two prior felony convictions, burglary in 2002 and theft of goods in 2005. Defendant did face the possibility of an enhanced sentence if convicted of DWI, third offense. Therefore, counsel's advice was correct. Defendant's claim that he was misled about the possible ramifications of proceeding to trial is without merit.

## SEX OFFENDER REGISTRATION AND NOTIFICATION

Defendant also argues that the trial court erred: (1) in not advising him prior to accepting his plea that he would be subject to sex offender registration and notification; and, (2) in advising him incorrectly to register as a sex offender.

In support of his contention, Defendant refers to *State v. Calhoun*, 96-786 (La. 5/20/97), 694 So.2d 909, in which the trial court did not advise the defendant at the guilty plea stage, either in writing or in the guilty plea colloquy, of the provisions of the sex offender registration laws. The defendant entered a "best interest" guilty plea to the charge of molestation of a juvenile and an unrelated charge of pornography involving juveniles. Prior to sentencing, the defendant filed a motion to withdraw his guilty pleas and to terminate counsel based on allegations of ineffective assistance of counsel. At the hearing, the motion to withdraw his guilty pleas was enlarged to include the district court's failure to inform the defendant of the sex offender registration requirements. The defendant's motion to terminate counsel was granted, but the motion to withdraw his pleas was denied. At sentencing, the defendant was informed of the sex offender registration requirements. The trial court's denial of his motion to withdraw his pleas was affirmed by the court of appeal.

The supreme court found that the decision to delay notification until sentencing was contrary to La.R.S. 15:543(A). At the time of the offense, La.R.S. 15:543(A), read:

> The court shall provide written notification to any defendant charged with a sex offense of the registration requirements of R.S. 15:542. Such notice shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant.

Also, the defendant, without representation at the hearing on his motions, implied that he would not have pled guilty had he been informed of the registration requirements. The supreme court concluded that the district court's failure to advise the defendant of the registration requirements, in writing or otherwise, before accepting his guilty plea, amounted to untimely notice under the statute and, thus, undercut the voluntariness of his plea.

Relying on the *Calhoun* decision, the fourth circuit in *State v. Myers*, 98-1213 (La.App. 4 Cir. 2/9/00), 753 So.2d 921, found that the trial court erred in denying the defendant's motion to be relieved of the sex offender registration requirements. The defendant pled guilty to molestation of a juvenile and was subsequently sentenced. A few years later, the defendant filed a petition to be relieved of the duty to comply with the sex offender registration requirements. He argued that his future registration would not serve the purposes of the sex offender registration statutory scheme. The appellate court found that the trial court's denial of the petition on this basis was not an abuse of discretion. In the defendant's brief on appeal, however, he alleged that the trial court did not inform him of the sex offender notification requirements prior to entering his guilty plea. Although the voluntariness of his plea was not before the court, the appellate court remanded the matter to the trial court to allow the defendant the opportunity to formally withdraw his guilty plea.

11

Only months later, the issue was raised again before the fourth circuit in *State v. Johnson*, 99-2104 (La.App. 4 Cir. 9/6/00), 769 So.2d 660, in which the court held that the defendant was entitled to withdraw his guilty plea to forcible rape. The defendant filed two motions to withdraw his guilty plea prior to sentencing which were both denied by the trial court. On writs, the appellate court found that the trial court abused its discretion in denying the defendant's motions to withdraw his guilty plea. The supreme court remanded the case to the appellate court for briefing and a full opinion. In granting the writ, the appellate court stated:

> On the showing made and in light of *State v. Calhoun*, 694 So.2d at 909, we find that the trial court's failure to notify the defendant of the registration requirements in this case undercut the voluntariness of the defendant's guilty plea. In addition to the failure to notify, we also note that the original defense counsel was appointed on the day of arraignment and could not have properly investigated the case prior to defendant's entry of a guilty plea on that same day. The preliminary hearing transcript shows that the victim's statements to the police were inconsistent, and her statements were made eight months after the rape occurred when the customary examination was impossible. Under the totality of the circumstances, we find that the trial court abused its discretion by denying the motion to withdraw the guilty plea. *See State v. Myers*, 98-1213 (La.App. 4 Cir. 2/9/00), 753 So.2d 921.

*Id.* at 665.

The supreme court revisited the issue in *State v. Blanchard*, 00-1147, p. 3 (La. 4/20/01), 786 So.2d 701, 703-04, and the procedural history reads as follows:

> On appeal, the Third Circuit reversed upon finding that the trial court abused its discretion in denying respondent's motion to withdraw his pleas. *State v. Blanchard*, 99-1076 (La.App. 3rd Cir. 3/22/00), — So.2d — (unpub'd). The court of appeal focused on three factors. First, the trial court had failed to mention the sex offender registration and notice provisions of La.R.S. 15:542 and La.C.Cr.P. art. 895(H) during the plea colloquy. *Blanchard*, 99-1076 at 6, __ So.2d at__. Respondent's motion to withdraw the pleas alleged that he first learned of the reporting requirements from the probation officer who interviewed him as part of a presentence investigation ordered by the court. The court of appeal considered this factor critical in light of our decision in *State v. Calhoun*, 96-0786, p. 9 (La. 5/20/97), 694 So.2d 909,

914, in which we found that a similar failing by the trial judge constituted "a factor that undercut[ ] the voluntariness of that plea." Second, in light of the testimony presented by respondent and defense counsel at the hearing on the motion to withdraw the pleas, the court of appeal deemed the trial court's decision to defer ruling on the admissibility of F.K.'s testimony a coercive factor which also tended to undercut the voluntariness of respondent's pleas. *Id.*, at 7. Finally, the court of appeal took note of the admission of defense counsel at the hearing that his acquaintanceship with members of both victims' families had made him somewhat apprehensive about his forthcoming cross-examination of the victims. The court of appeal concluded that "[a] 'sense' or as in this case, knowledge that defense counsel is not comfortable about cross-examination of one or more witnesses is a serious source of uncertainty for a defendant and must be said to be a serious factor in mitigating against voluntariness." *Blanchard*, 99-1076 at 9.

The supreme court, however, found no arbitrariness in the trial court's rejection of the defendant's motion to withdraw his pleas. The supreme court noted that the defendant was well aware of the sex offender notification and registration requirements prior to entering his pleas and had sought disposition of the case in a manner that would avoid the reporting requirements altogether. Although the defendant assumed that by entering "best interest" pleas he would no longer have to report as a sex offender, he did not attribute his assumption to any representation by the trial court, the State, or defense counsel. Moreover, defense counsel testified that he had informed the defendant, a college graduate, that he would be required to register as a sex offender if he pled guilty.

Soon after the *Blanchard* decision, the issue was before this court again in *State v. Williams*, 02-707 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095. The defendant entered a plea of no contest to the amended charge of molestation of a juvenile but did not receive either oral or written notice of the sex offender registration requirements. About two months after his plea, the defendant filed a motion to withdraw his no contest plea, alleging he did not commit the offense. Following a

hearing on the motion, the trial court found no credibility in the evidence submitted, denied the motion, and then sentenced the defendant.

On appeal, the court first noted that the argument regarding the sex offender registration requirements was never presented to the trial court in support of the defendant's motion to withdraw the plea. Due to the constitutional nature of the defendant's argument that his plea was not freely and voluntarily entered, however, the court considered the argument. After considering the supreme court's decisions in *Calhoun* and *Blanchard*, the court stated:

> [A]lthough the record does not provide any indication that the defendant received notice of the sex offender registration requirements, the transcript of the plea colloquy in this case provides that the defendant was informed of and waived his right to a trial by jury, right to confrontation, and the right against self-incrimination. The transcript also provides that the trial court informed the defendant of the sentencing range for the offense to which he was pleading. In addition, the transcript indicates that the defendant was represented by counsel at the time of the plea and that the defendant stated that he was satisfied with his attorney's advice and services. In contrast to *Calhoun*, the defendant in this case did not claim lack of notification of the sex offender registration requirements as grounds to withdraw his plea and has not asserted an ineffective assistance of counsel claim. As a result, the record before us does not establish that the totality of circumstances under which the defendant pled no contest warrants invalidation of his plea.

*Id*. at 1100. The court concluded, however, that corrective action was necessary because there was no indication in the record that the defendant was aware of the sex offender registration requirements. The case was remanded to the trial court with instructions to provide appropriate written notice to the defendant of the sex offender registration requirements within ten days of the rendition of the opinion and to file written proof that he received notice in the record of the proceedings.

Several years later, the fifth circuit addressed the issue in *State v. Smith*, 08-127 (La.App. 5 Cir. 7/29/08), 993 So.2d 659, in which the defendant pled guilty to the

14

amended charge of forcible rape and was sentenced in accordance with the plea agreement. On appeal, the court noted that prior to the defendant's plea, defense counsel requested a continuance of trial, stating that he had only met with the defendant once and felt the defendant deserved more of his time since he was facing a life sentence. The defendant had been arraigned less than two months before Hurricane Katrina, resulting in his temporary displacement and several trial continuances. On the day of trial, defense counsel advised the trial court of an outstanding motion to suppress, which the court stated it would hear after jury selection. However, for reasons not stated, court recessed and the next notation showed that the parties returned and the defendant pled guilty. During the plea colloquy, the defendant was advised of his right to a trial by jury, the right to confront witnesses against him, and the right against self-incrimination. The defendant confirmed that he understood the rights he was waiving. Additionally, the trial court advised the defendant of the sentencing range for the offense. Lastly, the defendant indicated he was satisfied with his attorney and that he had not been forced, coerced, threatened, or promised anything to plead guilty.

The appellate court, nonetheless, found that the totality of circumstances surrounding the defendant's guilty plea warranted an evidentiary hearing concerning the voluntariness of his plea. In reaching its decision, the court referred to *Calhoun*, 694 So.2d 909, and the subsequent jurisprudence as follows:

> In *State v. Johnson*, 99-2104, p. 9 (La.App. 4 Cir. 9/6/00), 769 So.2d 660, 665, the Fourth Circuit relied on *Calhoun* and reversed the trial court's denial of the defendant's motion to withdraw his guilty plea to forcible rape. Like *Calhoun*, the Fourth Circuit relied on several factors that it concluded undercut the voluntariness of the defendant's plea. It cited the trial court's failure to notify the defendant of the sex registration requirements and defense counsel's lack of preparation for trial. The court noted defense counsel was appointed on the day of

15

arraignment and could not have properly investigated the case prior to the entry of defendant's guilty plea on the same day. On appeal, the defendant maintained his counsel advised him any defense was futile; however, the Fourth Circuit remarked that the preliminary hearing transcript showed the victim's statements to the police were inconsistent.

Conversely, in *State v. Blanchard*, 00-1147 (La. 4/20/01), 786 So.2d 701, the Louisiana Supreme Court distinguished *Calhoun* and found no basis to allow the defendant to withdraw his guilty plea despite the fact the trial court had failed to advise him of the sex registration requirements during the plea colloquy. The Supreme Court relied on evidence presented at the evidentiary hearing on the defendant's motion to withdraw his guilty plea to conclude the defendant was aware of the sex offender registration laws. Specifically, defense counsel testified that he informed the defendant of the registration requirements. The defendant testified he believed that by entering a "best interest" plea he was not pleading guilty and, therefore, believed he would no longer have to comply with the registration requirements. The Supreme Court noted defendant's college education and the defendant's pre-plea attempt to resolve the case to avoid the registration requirements before concluding his unsupported expectation of avoiding the registration requirements did not provide a basis for withdrawing his guilty plea. *Id.* at 4-5, 786 So.2d at 704-05.

Unlike *Blanchard*, there has been no evidentiary hearing in the present case regarding defendant's knowledge of the sex registration requirements and its effect, if any, on the voluntariness of his guilty plea. The plea colloquy transcript shows the trial court did not advise defendant of the registration requirement and there is no indication on the record that defense counsel notified defendant of the requirement. Defense counsel simply stated he had "gone over the Boykin form with Mr. Smith, I've explained it to him, I feel he understands it. . . ." Additionally, notice of the registration requirement is not contained in the guilty plea form as required, at the time, by LSA-R.S. 15:543(A).

As previously noted, the *Calhoun* court expressly declined to comment on whether the failure of a defendant to be advised of the sex offender registration requirement alone would provide a basis for a defendant to withdraw his guilty plea. *State v. Calhoun, supra* at 9, 694 So.2d at 914 n. 6. Unlike *Calhoun*, where the Supreme Court allowed the defendant to withdraw his guilty plea based on the lack of notice of the registration requirement and ineffective assistance of counsel, defendant in the present case does not assert an ineffective assistance of counsel claim on appeal. However, defendant did raise an ineffective assistance of counsel claim in a previous post-conviction relief application. That application was denied by the trial court, but

16

eventually found to be premature by this Court because defendant had not exhausted his appeal rights.

*Id*. at 661-62.

In 2007, La.R.S. 15:543(A) was amended and currently reads as follows:

A. The court shall provide written notification to any person convicted of a sex offense and a criminal offense against a victim who is a minor of the registration requirements and the notification requirements of this Chapter. For purposes of this Subsection, the court shall use the form contained in R.S. 15:543.1 and shall provide a copy of the registration and notification statutes to the offender. Such notice shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant, and an entry shall be made in the court minutes stating that the written notification was provided to such offenders. If the offender is not sentenced to incarceration, then the court shall notify the bureau of the conviction of the offender.

In the instant case, Defendant's "Waiver of Constitutional Rights and Plea of No Contest" did not bear notice of the sex offender registration and notification requirements during the plea hearing. Also, the trial court did not advise Defendant of these requirements. At the conclusion of the hearing, after accepting Defendant's no contest plea, the trial court stated that the parties would return "to do the notification of sexual offender form." At the hearing held two days later, the trial court went over a "Notification to Sex Offender" form with Defendant, and he signed the form.

The notification form incorrectly indicated that Defendant had to register for twenty-five years. Pursuant to La.R.S. 15:541(2)(c), simple rape is an aggravated offense. Louisiana Revised Statute 15:544 requires a person convicted of an aggravated offense, as defined in La.R.S. 15:541, to register and provide notification for the duration of his or her lifetime. Accordingly, both the form and the trial court were in error as they advised Defendant not of a lifetime duration, but rather of a twenty-five year duration.

17

There is no evidence before this court regarding Defendant's knowledge of the sex registration requirements and its effect, if any, on the voluntariness of his plea. Similar to facts in *Smith*, 993 So.2d 659, the plea colloquy shows that the trial court did not advise him of the registration requirement prior to the acceptance of his plea, and there is no indication in the record that defense counsel notified Defendant of the requirement. Also, the notice of registration requirements is not contained in the guilty plea form as required by 15:543(A).

Although Defendant did not assert a claim of ineffective assistance of counsel at the time of his motion to withdraw his plea, on appeal he claims that his counsel was ineffective. The record indicates that defense counsel was confused about the advice given to Defendant throughout the course of his representation of Defendant. Accordingly, considering the totality of circumstances surrounding Defendant's no contest/*Crosby* plea, we remand the matter to the trial court for an evidentiary hearing on the voluntariness of Defendant's plea and to allow him to withdraw his plea if the trial court determines it was involuntary or otherwise infirm.

## MOTION TO WITHDRAW PLEA

Finally, Defendant argues that the trial court erred in denying his "Motion to Withdraw No Contest Plea and Set Aside Conviction, Sentence, and Sex Offender Registration, or Alternatively, for Re-Sentencing." Here, Defendant returns to his now-familiar claims that defense counsel misled him as to the validity of the threat of a habitual offender sentence on the DWI, third offense, and as to the make-up of the jury and number of votes required in reaching a verdict. Defendant concludes that he entered a plea without being fully advised of the consequences of the plea and possible consequences of proceeding to trial.

18

With regard to the majority verdict issue, defense counsel did not introduce evidence to show that Defendant would not have entered a plea had he not been misinformed. In fact, Defendant provided no testimony at all at the hearing. With regard to the habitual offender issue, defense counsel's advice that the habitual offender law was applicable to DWI, third offense, was actually correct. Consequently, that advice could not have played a role in rendering Defendant's plea infirm. The trial court did not err in denying Defendant's motion to withdraw his no contest/*Crosby* plea.

**DECREE**

Within thirty days of this opinion, the trial court shall conduct an evidentiary hearing to determine if the inaccurate advice Defendant received regarding a majority verdict and/or the untimely notification of the sex offender registration and notification requirements and/or the court's failure to correctly advise Defendant regarding the length of time he would have to register vitiated the voluntariness of his plea. The trial court is further ordered to prepare and lodge with this Court an appellate record containing the transcript of the above-referenced evidentiary hearing within ten days of the hearing. Once this record is lodged with this Court, the State and Defendant will be given the opportunity to file briefs should either party wish to raise any issues arising from the hearing.

**REMANDED WITH INSTRUCTIONS.**

STATE OF LOUISIANA

VERSUS

G.T., JR.

**THIBODEAUX, Chief Judge, concurring for additional reasons.**

I write a separate concurrence to express the abandonment of my previous reliance on *State v. R.W.W.*, 06-1252 (La.App. 3 Cir. 3/7/07), 953 So.2d 131, which conditionally affirms a defendant's conviction and sentence, but remands the case to the trial court to conduct an evidentiary hearing to determine the voluntariness of a plea. I now rely on the procedure utilized in this case based on *State v. Clark*, 07-1064 (La.App. 3 Cir. 4/1/98), 711 So.2d 738 and *State v. Fuslier*, 06-1438 (La.App. 3 Cir. 4/4/07), 954 So.2d 866. *State v. Clark* and *State v. Fuslier* mandate a remand to the trial court to conduct an evidentiary hearing to determine the voluntariness of a plea without conditionally affirming the defendant's conviction and sentence.

For the foregoing reasons, I additionally concur.