NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1045

STATE OF LOUISIANA

VERSUS

DONALD LEDET, JR.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 11-239832
HONORABLE PAUL JOSEPH DEMAHY, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John E. Conery, Judges.

AFFIRMED; REMANDED WITH INSTRUCTIONS.

J. Phillip Haney
District Attorney – 16th Judicial District
300 Iberia Street - Suite 200
New Iberia, LA 70560
Telephone: (337) 369-4420
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

Angela B. Odinet
Assistant District Attorney – 16th Judicial District
415 Main Street
St. Martinville, LA 70582
Telephone: (337) 394-2220
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

**Brent A. Hawkins**
**Louisiana Appellate Project**
**P. O. Box 3752**
**Lake Charles, LA 70602-3752**
**Telephone: (337) 502-5146**
**COUNSEL FOR:**
    **Defendant/Appellant - Donald Ledet, Jr.**

**Donald Ledet, Jr.**
**Winn Corr. Ctr Elm C-2**
**P. O. Box 1260**
**Winnfield, LA 71483**
    **Defendant/Appellant - Donald Ledet, Jr.**

**THIBODEAUX, Chief Judge.**

Defendant was charged by grand jury with five counts of aggravated rape, violations of La.R.S. 14:42. He entered a guilty plea for the reduced charges of forcible rape, a violation of La.R.S. 14.42.1, and indecent behavior with a juvenile, a violation of La.R.S. 14:81. Defendant now appeals his convictions and sentences, arguing that the voluntariness of his guilty plea was compromised as the trial court failed to advise him of the time period to register as a sex offender in accordance with La.R.S. 15:543. For the following reasons, we affirm Defendant's convictions and sentences. However, we remand this matter to the trial court with instructions to provide Defendant with proper written notice of his sex offender registration requirements.

## I.

## <u>ISSUE</u>

We shall consider whether the voluntariness of Defendant's guilty pleas was vitiated by the failure of the trial court and the failure of the "Notification to Sex Offender" form to advise Defendant of the time period for which he must register as a sex offender.

## II.

## <u>FACTS AND PROCEDURAL HISTORY</u>

During the calendar year of 2010, Defendant Donald Ledet, Jr. engaged in numerous sexual acts with two minors, G.G. and G.T. Discovery of the illicit sexual encounters occurred when the mother of G.T. overheard Defendant warning G.G. not to disclose what they had done. Defendant fully cooperated with

the authorities in the investigation of this matter, and he gave a recorded interview to Detective Jennifer Hebert of the St. Martin Parish Sheriff's Office in which he admitted to the sexual acts.

On April 18, 2011, Defendant was charged by grand jury indictment with five counts of aggravated rape, violations of La.R.S. 14:42. Defendant initially entered pleas of not guilty to the charges, but he later changed his plea to guilty of the reduced charges of forcible rape, a violation of La.R.S. 14.42.1, and indecent behavior with a juvenile, a violation of La.R.S. 14:81. Defendant further agreed to specific sentencing ranges where sentences would run concurrently, and he agreed to a sentencing hearing to determine how much of the sentences would be served without benefit of probation, parole, or suspension of sentence. The State further agreed not to file a multiple offender bill against Defendant.

At the guilty plea proceeding, the trial court informed Defendant that he would be required to register as a sex offender. Defendant stated that he had initialed and signed the "Notification to Sex Offender" document and that he had reviewed the document with his attorney. The document, however, did not state the time period for which Defendant must register as a sex offender.

At sentencing, the trial judge again referred to the "Notification to Sex Offender" form and asked Defendant if he had initialed the form, reviewed the form with his lawyer, and was aware of the requirements he would have to meet upon his release. Once again, however, neither the form nor the trial judge stated the time period for which Defendant would be required to register as a sex offender. The trial court sentenced Defendant to thirty years at hard labor with twenty-five years to be served without benefit of probation, parole, or suspension of sentence for the forcible rape and twenty-five years at hard labor, without

2

benefit of probation, parole, or suspension of sentence for indecent behavior with a juvenile. The trial court ordered the sentences to run concurrently.

Originally in this matter, appellate counsel filed a brief and a motion to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). This court denied the motion to withdraw and ordered counsel to brief the issue of whether the voluntariness of Defendant's pleas was affected by the failure of the trial court and the failure of the "Notification to Sex Offender" form to advise Defendant of the time period for which he must register as a sex offender.

III.

## LAW AND DISCUSSION

On appeal, we must consider the totality of the circumstances in determining whether a guilty plea was free and voluntary and whether Defendant knowingly and intelligently waived his rights. *State v. R.A.L.*, 10-1475 (La.App. 3 Cir. 6/29/11), 69 So.3d 704. Defendant argues that the voluntariness of his guilty plea was compromised by the failure of the trial court to advise him of the time period he must register as a sex offender. Considering the totality of the circumstances, we disagree.

According to La.R.S. 15:543(A), a trial court is required to "provide written notification to any person convicted of a sex offense . . . of the registration requirements and the notification requirements. . . ." Additionally, La.R.S. 15:543(A) requires the notice to be included on any guilty plea forms and judgment and sentence forms provided to the defendant. The Louisiana Supreme Court has held that the "failure to timely notify a defendant of the registration

3

requirements is a factor that *can* undercut the voluntary nature of a guilty plea[.]"
*State v. Calhoun*, 96-786, p. 9, n. 6 (La. 5/20/97), 694 So.2d 909, 914).[1]

While the supreme court acknowledged that the failure to notify a defendant of the registration requirements may vitiate the voluntariness of the guilty plea, this is only a factor for the courts to consider, and failure alone does not mandate that we vacate a guilty plea. For example, in *State v. Williams*, 02-707 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095, this court upheld the defendant's guilty plea even though the defendant did not receive notice of the sex offender registration requirements. The court reasoned that the defendant was informed and waived his right to a trial by jury, right to confront his accusers, and his right against self-incrimination. *Id.* at 1100. The court further recognized that the defendant was informed of the sentencing range, was represented by counsel at the time of the plea, and was satisfied with his attorney's advice and services. *Id.* The *Williams* court distinguished these facts from those in *Calhoun*, noting that unlike the defendant in *Calhoun*, the defendant in *Williams* "did not claim lack of notification of the sex offender registration requirements as grounds to withdraw his plea and ha[d] not asserted an ineffective assistance of counsel claim[,]" and "[a]s a result, the record before [it] [did] not establish that the totality of

---

[1]In 2007, the legislature amended La.R.S. 15:543. Prior to the 2007 amendment, the trial court was required to provide written notification of the registration and notification requirements to any person *charged with* a sex offense. The 2007 amendment changed the notification requirement to anyone *convicted* of a sex offense. The second circuit has interpreted this amendment as abolishing the requirement that the trial judge notify the defendant of the sex offender registration requirements *prior* to accepting his guilty plea. *State v. Bazile*, 47,412, p. 6 (La.App. 2 Cir. 9/26/12), 106 So.3d 560, 263, *writ denied*, 12-2443 (La. 4/5/13), 110 So.3d 1071. The second circuit further noted that the supreme court's decision in *Calhoun* was based on the pre-2007 language. *Id.* at 563. However, the post-2007 language of La.R.S. 15:543 still requires the notification to be included on any guilty plea forms and judgment and sentence forms provided to the defendant. Furthermore, this court has applied the analysis set forth by *Calhoun* and its progeny to post-2007 cases. *See State v. G.T.*, 10-1469 (La.App. 3 Cir. 6/15/11), 71 So.3d 394. As such, we find *Calhoun* applicable to the present case despite the amendments.

4

circumstances under which the defendant pled no contest warrant[ed] invalidation of his plea." *Id.*

Here, as in *Williams*, Defendant did not ask for his pleas to be withdrawn because of the lack of notification of the sex offender registration requirements. Appellate counsel raises the issue now only because this court ordered him to brief the issue. Even though appellate counsel now alleges that Defendant's plea "lack[s] the reliability to be considered voluntary," he does not allege that Defendant would not have pled guilty had he known the length of time he would be required to register as a sex offender. Additionally, Defendant does not assert an ineffective assistance of counsel claim, and he received a favorable plea bargain wherein the State agreed to reduce two charges, dismiss three aggravated rape charges, not file a habitual offender bill, and limit Defendant's sentences to specific ranges with sentences running concurrently. Before being advised of his rights under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, Defendant indicated that he was represented by counsel and that he was satisfied with the information, time, and advice his attorney had given him. Finally, Defendant admitted to the acts of which he was accused. For these reasons, we find that the totality of circumstances does not warrant invalidation of Defendant's guilty pleas. However, as there is no indication in the record as to whether Defendant was aware of the time period to register as a sex offender, we remand the matter to the district court with instructions to provide Defendant with appropriate written notice of all requirements within ten days of the rendition of this opinion, and to file written proof that Defendant received such notice in the record. *See id.*

IV.

## **DISPOSITION**

For the foregoing reasons, we affirm Defendant's guilty pleas and sentences. In accordance with La.R.S. 15:543, this case is remanded with instructions to provide Defendant with appropriate written notice within ten days of the rendition of this opinion of the applicable time periods for sex offender registration. The trial court is further instructed to file written proof that Defendant received such notice in the record of the proceedings.

**AFFIRMED; REMANDED WITH INSTRUCTIONS.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.