839 So.2d 1095 (2003)
STATE of Louisiana
v.
Blaine Andre WILLIAMS.
No. 02-0707.
Court of Appeal of Louisiana, Third Circuit.
March 5, 2003.
*1096 Michael Harson, District Attorney, Lafayette, LA, for Appellee State of Louisiana.
Frederick Kroenke, Louisiana Appellate Project, Baton Rouge, LA, for Defendant/Appellant Blaine Andre Williams.
Court composed of JIMMIE C. PETERS, MARC T. AMY, and MICHAEL G. SULLIVAN, Judges.
AMY, Judge.
The defendant was charged with forcible rape and ultimately entered a plea of no contest to the amended charge of molestation of a juvenile. After the defendant filed a motion to withdraw his no contest plea, the trial court denied the defendant's motion and sentenced him to serve ten years at hard labor. The defendant appeals his conviction and sentence. For the following reasons, we affirm and remand with instructions.

*1097 Factual and Procedural Background
On January 9, 2001, the State filed a bill of information charging the defendant, Blaine Andre Williams, with forcible rape.[1] After initially entering a plea of not guilty, the defendant entered a plea of no contest to the amended charge of molestation of a juvenile[2] on September 25, 2001. The transcript of the defendant's change of plea reveals that the trial court informed him of the following rights: the right to an attorney; the right to a trial by jury; the right against self-incrimination; the right to confrontation and cross-examination; the right to compulsory process; the right to attack the composition and makeup of the jury; and, the right to appeal. Further, the transcript reveals that the defendant stated that he understood that he was waiving each of these rights. The transcript additionally provides that the trial court informed the defendant of the sentencing range for the offense to which he was pleading guilty and the time period in which he could file for post-conviction relief. The defendant stated that he had not been threatened and that he was entering the plea on his own free will. The plea agreement form signed by the defendant and his attorney also explained each of the rights addressed by the court. Yet, review of the record reveals that the defendant did not receive either oral or written notice of the sex offender registration requirements.
On November 28, 2001, the defendant filed a motion to withdraw his no contest plea, alleging that the victim had stated that the defendant did not "mess with her." At the hearing concerning the defendant's motion, the defendant testified that he discovered that the victim told Vanity Edmonds[3] that he did not commit the alleged crime. The defendant then claimed that he obtained a letter regarding what Ms. Edmonds was told by the victim. Since this letter did not contain all of the same information that the defendant had discovered, the defendant stated that he had his girlfriend, Tamisha Ross, speak to Ms. Edmonds about writing another letter. Ms. Ross testified that she spoke to Ms. Edmonds and that she wrote down what Ms. Edmonds told her. Ms. Ross asserted that she asked Ms. Edmonds three times if she overheard the victim state that the defendant did not commit the alleged crime and that Ms. Edmonds affirmatively answered. The defendant subsequently picked up the document transcribed by Ms. Ross and gave it to Ms. Edmonds who rewrote and signed the document.
However, when Ms. Edmonds testified, she denied making any statement concerning the defendant's innocence. Rather, Ms. Edmonds testified that the victim told her that the defendant committed the offense. Ms. Edmonds explained that the defendant told her to write the letter and that she never read exactly what she wrote in the letter. Ms. Edmonds also stated that some of the information in the letter came from Ms. Ross. Upon the conclusion of the hearing, the trial court denied the defendant's motion stating that it "found absolutely no credibility in any of the testimony that was submitted." Thereafter, the trial court sentenced the defendant to serve ten years at hard labor. On January 18, 2002, the defendant filed a motion to reconsider his sentence which was subsequently denied. Now, the defendant appeals, alleging the following assignments of error:
1. The trial court erred in denying the defendant's motion to withdrawal [sic] his no contest plea and in failing *1098 to advise the defendant of the reporting requirements of La.R.S. 15:541 et seq [.] prior to accepting his change of plea.
2. The trial court erred in imposing a sentence herein which is unconstitutionally excessive.

Discussion
The No Contest Plea
In the brief submitted on behalf of the defendant, appellate counsel asserts that the trial court failed to notify the defendant of the sex offender registration requirements. Appellate counsel argues that, since the trial court failed to inform the defendant of the sex offender registration requirements, the defendant did not freely and voluntarily enter the no contest plea. As such, appellate counsel contends that the trial court erred in denying the defendant's motion to withdraw his no contest plea. We find that this assignment of error lacks merit.
Initially, we note that the argument regarding the sex offender registration requirements was never presented to the trial court in support of the motion to withdraw the plea. Instead, the defendant relied on the alleged statement made by the victim. In light of the testimony given by Vanity Edmonds and the arguments presented to the trial court, we find that the trial court did not abuse its discretion when it denied the defendant's motion to withdraw his no contest plea. See La. Code Crim.P. art. 559; State v. Grogan, 00-1800 (La.App. 3 Cir. 5/2/01); 786 So.2d 862. However, due to the constitutional nature of the defendant's argument that his plea was not freely and voluntarily entered, we will consider whether the trial court's failure to inform the defendant of the sex offender registration requirement invalidated his no contest plea under the particular facts and circumstances of this case. See State v. Jordan, 98-101 (La. App. 3 Cir. 6/3/98); 716 So.2d 36.
In State v. Montalban, 00-2739, pp. 3-4 (La.2/26/02); 810 So.2d 1106, 1108-09, the Louisiana Supreme Court stated:
The entry of a guilty plea must be a free and voluntary choice on the defendant's part. State v. Nuccio, 454 So.2d 93 (La.1984). Due process requires that pleas of guilty be voluntary and intelligent relinquishments of known rights. The court must make an independent determination of whether the defendant's plea is made knowingly and intelligently through a colloquy wherein the defendant is questioned about his decision and the constitutional rights he is waiving. State v. Age, 417 So.2d 1183 (La.1981). A court may not set aside a guilty plea after sentence is imposed unless the plea is constitutionally deficient. State v. Smith, 406 So.2d 1314, 1315 (La.1981).
For a guilty plea to be valid, there must be a showing that the defendant was informed of and waived his constitutionally guaranteed right to trial by jury, right of confrontation, and right against self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). In addition, LA.CODE CRIM. PROC. ANN. art. 556.1 requires the trial court to inform the defendant of:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
(2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if financially unable *1099 to employ counsel, one will be appointed to represent him.
(Footnotes omitted.) In addition, a panel of this court stated: "When the record establishes that a defendant was informed of and waived the privilege against self-incrimination and the right to confrontation and trial by jury, then the burden shifts to the defendant to prove that nevertheless, her guilty plea was constitutionally infirm." State v. Senterfitt, 00-415, p. 5 (La.App. 3 Cir. 9/27/00); 771 So.2d 198, 201, writ denied, 00-2980 (La.9/28/01); 798 So.2d 107.
When dealing with pleas to sex offenses, the trial court must also act in accordance with La.R.S. 15:543(A), which provides "[t]he court shall provide written notification to any defendant charged with a sex offense of the registration requirements of R.S. 15:542." "Such notice shall be included on any guilty forms and judgment and sentence forms provided to the defendant." Id.
In State v. Calhoun, 96-786 (La.5/20/97); 694 So.2d 909, the Louisiana Supreme Court held that, in light of the totality of circumstances under which the defendant pled guilty to a sex offense, the trial court abused its discretion in denying the defendant's motion to withdraw the plea. The supreme court found that the following factors undercut the voluntariness of the defendant's plea:
(1) the failure of the trial court to notify defendant of the sex offender registration requirements at the guilty plea stage, (2) the lack of preparedness of defendant's then-counsel when he advised [the defendant] that it was in his "best interest" to plead guilty, and (3) the fact that the defendant steadfastly maintained his innocence, which supports defendant's contention that he pled guilty only because his attorney told him that there were no possible defenses to the charges.
Id. at 12; 915. As a result, the supreme court reversed the trial court and granted the defendant's motion to withdraw his plea. Id.
In State v. Blanchard, 00-1147 (La.4/20/01); 786 So.2d 701, the Louisiana Supreme Court upheld the trial court's denial of a motion to withdraw a plea. After noting that the failure to advise a defendant of the sex offender registration requirements was simply a factor which could undercut the voluntary nature of a plea, the supreme court found that the defendant was well aware of the sex offender registration laws before entering his plea and that the defendant erroneously assumed that he would not be subject to the registration laws because he entered a "best interest" plea. Notably, the supreme court also found that the defendant did not attribute that assumption to any representations made by the trial court, prosecutor, or defense counsel. After emphasizing the significance of the ineffective assistance of counsel claim in Calhoun, the supreme court concluded:
The court conducted a thorough plea colloquy with respondent during which it fully advised him of the trial rights he was waiving and obtained respondent's assurances that he understood his trial rights, that he was waiving them voluntarily, and that he was satisfied with the representations he had received from defense counsel. Unlike the case in Calhoun, in which the admission by trial counsel that he simply "blew it" with regard to pre-trial preparation played an important part in our determination to set aside the guilty plea, Calhoun, 96-0786 at 10-11, 694 So.2d at 914-915, respondent's attorney testified at the evidentiary hearing that "we were prepared to refute the allegations of the two juveniles." *1100 Id. at p. 9; 707. In light of these circumstances, the supreme court upheld the defendant's plea.
Similarly, although the record does not provide any indication that the defendant received notice of the sex offender registration requirements, the transcript of the plea colloquy in this case provides that the defendant was informed of and waived his right to a trial by jury, right to confrontation, and the right against self-incrimination. The transcript also provides that the trial court informed the defendant of the sentencing range for the offense to which he was pleading. In addition, the transcript indicates that the defendant was represented by counsel at the time of the plea and that the defendant stated that he was satisfied with his attorney's advice and services. In contrast to Calhoun, the defendant in this case did not claim lack of notification of the sex offender registration requirements as grounds to withdraw his plea and has not asserted an ineffective assistance of counsel claim. As a result, the record before us does not establish that the totality of circumstances under which the defendant pled no contest warrants invalidation of his plea.
However, we conclude that corrective action must still be taken because there is no indication in the record as to whether the defendant is aware of the sex offender registration requirements. Therefore, we remand this matter to the district court to provide appropriate written notice to the defendant of the sex offender registration requirements within ten days of the rendition of the opinion and to file written proof that the defendant received notice in the record of the proceedings.
Excessive Sentence
In support of the second assignment of error, the defendant asserts that the sentence imposed is more than half the maximum sentence available to the trial court. Further, the defendant argues that, due to his personal background, he is a good candidate for rehabilitation. As such, while the defendant concedes that some punishment may be required, the defendant contends that his background requires a substantial reduction in the sentence imposed. Otherwise, the defendant claims that his sentence is a purposeless and needless infliction of pain and suffering. We disagree.
La. Const. art. 1, § 20 ensures that "[n]o law shall subject any person to ... cruel, excessive, or unusual punishment." A punishment is considered constitutionally excessive if it "(1) makes no measurable contribution to acceptable penal goals of punishment and hence is nothing more tha[n] the purposeful and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime." State v. Wilson, 96-1392, p. 3 (La.12/13/96); 685 So.2d 1063, 1065 (citing Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976)). When reviewing a sentence, the appellate court must be mindful that the trial court is in the best position to consider the aggravating and mitigating circumstances of each case and that the trial court is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96); 674 So.2d 957. As such, the reviewing court will determine whether the trial court abused its broad discretion, not whether another sentence may have been more appropriate. Id.
The trial court must state for the record the considerations taken into account and the factual basis for the sentence. La. Code Crim.P. art. 894.1(C). Although the trial court need not refer to every factor listed in Article 894.1(A), the record should affirmatively reflect that adequate consideration was given to codal guidelines in particularizing the defendant's sentence.
*1101 State v. Iron, 00-1238 (La.App. 3 Cir. 2/15/01); 780 So.2d 1123, writ denied, 01-1232 (La.3/15/02); 811 So.2d 898. Yet, when the trial court fails to adequately address the factors of La.Code Crim.P. art. 894.1, "the trial court's reasoning alone will not necessitate the need for re-sentencing as long as an adequate factual basis is found within the record." State v. Butler, 98-1258, p. 7 (La.App. 3 Cir. 2/3/99); 734 So.2d 680, 684.
The trial court may also consider other factors not provided by La.Code Crim.P. art. 894.1. Specifically, when the offense to which the defendant has pled guilty inadequately describes the entire course of the defendant's conduct, the court may consider the benefit obtained by the defendant through the plea bargain. State v. Lanclos, 419 So.2d 475 (La.1982). The trial court should particularly make such considerations where the plea bargain results in a significant reduction in the defendant's potential exposure to imprisonment. State v. Robinson, 33,921 (La. App. 2 Cir. 11/1/00); 770 So.2d 868; State v. Waguespack, 589 So.2d 1079 (La.App. 1 Cir.1991), writ denied, 596 So.2d 209 (La. 1992). In addition, the trial court may consider other criminal activity which did not result in a conviction. State v. Texada, 98-1647 (La.App. 3 Cir. 5/5/99); 734 So.2d 854, writ denied, 00-2751 (La.6/29/01); 794 So.2d 824.
The record indicates that, pursuant to the plea agreement, a pre-sentence investigation report was completed prior to sentencing. This report provides that, during the time of the offense, the victim was a twelve-year-old girl who was employed by the defendant as a baby sitter. The report further states that the defendant had sex with the victim approximately ten times over the period of a year. During the last incident, the report states that the defendant's three-year-old son walked into the room. In addition, the record indicates that the plea agreement between the defendant and the State provided a sentencing range from one to fifteen years. The transcript of the plea colloquy also provides that the trial court informed the defendant of this possible sentencing range when he entered his no contest plea; and, the defendant did not raise any objection to this sentencing range.
After denying defendant's Motion to Withdraw the No Contest Plea, the trial court gave the following oral reasons for imposing the sentence on the defendant:
[T]his Court, after listening to your testimony and listening to actions taken by you, with regards to the scheduled sentencing today, finds that you have not owned up to your responsibility. To the contrary, you have sought to conspire and gotten others to conspire in hopes of somehow getting you out of the legal entanglement that you find yourself entangled in today. So, in effect, you're in denial. You're still denying that you did this or that you were involved. And I don't take kindly to that, particularly given your age, thirty-five years of age and someone who's asked to babysit your kid, a twelve year old, a baby and you're having sex with a baby.
....
All right, it's the sentence of this Court that you serve ten years at hard labor, right now.
Although the trial court did not specifically refer to the factors provided of La. Code Crim.P. art. 894.1, the trial court's oral reasons for imposing the sentence indicate that the trial court considered several facts as aggravating factors toward particularizing the defendant's sentence. Specifically, the trial court noted: (1) the defendant's failure to take responsibility for his actions; (2) the trial court's perceived dishonesty of the defendant to have his no contest plea withdrawn; (3) the *1102 seriousness of the defendant's actions; and, (4) the age of the victim. Due to these considerations as well as the facts provided in the record, we find a sufficient factual basis for the defendant's sentence.
Further, the defendant greatly benefitted through the plea agreement. In exchange for the defendant's plea, the State reduced the defendant's charge from forcible rape to molestation of a juvenile. In turn, the defendant's potential exposure to imprisonment was reduced from forty to fifteen years. See La.R.S. 14.42.1(B); La. R.S. 14.81.2(C). In light of the substantial benefit received by the defendant through his no contest plea, we also conclude that the sentence of ten years at hard labor is not excessive.
Errors Patent
All appeals are reviewed for errors patent on the face of the record. La.Code Crim.P. art. 920. After reviewing the record, we find two such errors.
First, we find an error concerning the bill of information. The defendant was originally charged with forcible rape and ultimately pled to molestation of a juvenile, a crime which is not responsive to forcible rape. See La.Code Crim.P. art. 814; La. Code Crim.P. art. 815. However, the record before us does not indicate that the bill of information was amended. Addressing whether the bill of information should be amended in such situations, a panel of this court stated:
[W]here ... the defendant enters a plea of guilty to a crime nonresponsive to the original indictment when such plea is acceptable to the district attorney, the defendant is fully aware of the charge to which he pleaded as shown by extensive Boykinization, and the plea is not prejudicial to the defendant, any error caused by a failure to formally amend the indictment is harmless.
State v. Rito, 96-1444, p. 3 (La.App. 3 Cir. 10/8/97); 700 So.2d 1169, 1171 (quoting State v. Barclay, 591 So.2d 1178, 1182 (La.App. 1 Cir.1991), writ denied, 595 So.2d 653 (La.1992)). The record in this case indicates that the plea was acceptable to the State and that the defendant was extensively Boykinized and advised of the possible sentencing range. Due to the benefit received by the defendant from the plea, we find that the error, if any, was harmless.
Second, we find that the trial court informed the defendant of the two-year period for filing post conviction relief at the time of the guilty plea rather than at the time of sentencing as required by La. Code Crim.P. art. 930.8(C). In State v. Green, 94-617 (La.App. 3 Cir. 12/7/94); 647 So.2d 536, a panel of this court ruled that such notice is sufficient. However, out of an abundance of caution, the Green panel asked the district court to inform the defendant of the prescriptive period for filing post-conviction relief by sending appropriate written notice within ten days of the rendition of the opinion and to file written proof that the defendant received notice in the record of the proceedings. Likewise, we order the trial court to make the same notification.
Therefore, we remand this matter to the district court to provide appropriate written notice of the prescriptive period for filing post-conviction relief within ten days of the rendition of the opinion and to file written proof that the defendant received notice in the record of the proceedings.

DECREE
For the foregoing reasons, the conviction and sentence of the defendant are affirmed. In accordance with La.R.S. 15:543 and La.Code Crim.P. art. 930.8, respectively, this matter is remanded, and the trial court is instructed to provide the defendant appropriate written notice within *1103 ten days of the rendition of this opinion and to file written proof that the defendant received notice in the record of the proceedings of the following: (1) the defendant will be subject to the sex offender registration requirements of La.R.S. 15:542; and, (2) the defendant has two years from the date when the judgment of his conviction and sentence becomes final to timely apply for post-conviction relief.
AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] See La.R.S. 14:42.1.
[2] See La.R.S. 14:81.2.
[3] The testimony established that Ms. Edmonds was the defendant's cousin.