NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 06-540


STATE OF LOUISIANA

VERSUS

NICODEMUS L. HEBERT


**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 68094
HONORABLE LESTER P. KEES, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and Billy Howard Ezell, Judges.


AFFIRMED.

William E. Tilley
District Attorney
30ᵗʰ Judicial District Court
P.O. Box 1188
Leesville, LA 71446
(337) 239-2008
Counsel for Appellee:
        State of Louisiana

Terry Wayne Lambright
Assistant District Attorney
P.O. Box 1188
Leesville, LA 71446
(337) 239-2008
Counsel for Appellee:
        State of Louisiana

**Mark Owen Foster**
**Louisiana Appellate Project**
**P.O. Box 2057**
**Natchitoches, LA 71457**
**(318) 572-5693**
**Counsel for Defendant/Appellant:**
    **Nicodemus L. Hebert**

**DECUIR, Judge.**

The Defendant, Nicodemus L. Hebert, was charged with possession of Alprazolam, a violation of La.R.S. 40:969, and possession of marijuana, a violation of La.R.S. 40:966 (E)(1). He entered a plea of guilty to attempted possession of Alprazolam, a violation of La.R.S. 14:27 and La.R.S. 40:969, and possession of marijuana and was sentenced to two and one-half years at hard labor for attempted possession of Alprazolam and to six months in the Vernon Parish Jail for possession of marijuana. The sentences were ordered to run concurrently.

## FACTS

On December 7, 2004, Vernon Parish Sheriff's deputies discovered the Defendant's car parked behind Shooters Bar. As deputies approached the car, they discovered the lights were on, the car was running, and the Defendant was asleep. Additionally, the deputies noticed what appeared to be a marijuana blunt hanging out of the air conditioner vent. Once the Defendant awoke, he threw the blunt on the floor and eventually exited the vehicle. A bag containing Alprazolam was found in the "driver's storage pocket" and marijuana was found in the Defendant's right sock.

At the outset, we note that the proper mode of appellate review for the misdemeanor possession of marijuana charge is an application for writ of review rather than an appeal. La.Code Crim.P. art. 912.1. However, the trial court imposed the maximum terms of imprisonment for each offense and ordered the sentences to run concurrently. Thus, the sentences are intertwined with one another. Accordingly, in the interest of judicial economy, we will address the issues involving the misdemeanor conviction as if the issues were before the court on supervisory writs. *See State v. Lavergne*, 97-752 (La.App. 3 Cir. 6/3/98), 716 So.2d 92, *writ denied*, 98-2297 (La. 1/8/99), 734 So.2d 1226.

In his only assignment of error, the Defendant contends the sentences imposed by the trial court were cruel, unusual, and excessive.

> In *State v. Cook*, 95-2784, p. 3 (La. 5/31/96), 674 So.2d 957, 959, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996), the supreme court held that when a defendant claims a sentence is excessive "[t]he only relevant question on review . . . [is] 'whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.' *State v. Humphrey*, 445 So.2d 1155, 1165 (La.1984)."

*State v. Robinson*, 05-633, p. 8 (La.App. 3 Cir. 12/30/05), 918 So.2d 1151, 1156.

The Defendant was convicted of attempted possession of Alprazolam and possession of marijuana. A person convicted of attempted possession of Alprazolam is subject to a sentence of up to two and one-half years and a person convicted of possession of marijuana is subject to a sentence of up to six months. La.R.S. 14:27, La.R.S. 40:969, and La.R.S. 40:966. The Defendant in the case at bar was sentenced to the maximum sentence for each offense. However, the sentences were ordered to run concurrently.

The Defendant contends his sentences are excessive. He argues that although he received the maximum sentence for both offenses, the record does not reflect that he is the most egregious offender or that he committed the most egregious offenses. He further argues that the trial court committed error in classifying all drug cases as egregious and deserving of maximum sentences. The Defendant also points out that he admitted that he had a substance abuse problem. Additionally, he contends that he is no saint, but his criminal record is relatively small.

At sentencing, the trial court noted that the Defendant had a criminal record that consisted of a battery on a spouse, which had no disposition, in Sacramento, California. Additionally, he had a conviction for aggravated second degree battery in the Thirtieth Judicial District Court for which he received a sentence of five years at hard labor. The sentence was then suspended and the Defendant was placed on

four years probation. The trial court noted that the offenses at issue occurred on December 7, 2004 and the Defendant was sentenced for the aggravated second degree battery the following day, December 8, 2004. Further, the Defendant tested positive for marijuana on August 2, 2005 and was referred to the Vernon Disorder Clinic for treatment.

We note that the Defendant was awaiting sentencing for aggravated second degree battery at the time he committed the offenses at issue. Additionally, at the time he was sentenced in the case at bar, he was not considered a first felony offender, having been sentenced for the battery mentioned herein. We further note that the Defendant received a benefit as a result of his plea bargain and was allowed to plead guilty to attempted possession of Alprazolam. "[W]hen the offense to which the defendant has pled guilty inadequately describes the entire course of the defendant's conduct, the court may consider the benefit obtained by the defendant through the plea bargain. *State v. Lanclos*, 419 So.2d 475 (La.1982)." *State v. Williams*, 02-707, p. 8 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095, 1101. Accordingly, the Defendant's maximum sentence for attempted possession of Alprazolam is not excessive. Additionally, as the Defendant's sentence for possession of marijuana was ordered to run concurrently to the sentence for attempted possession of Alprazolam, that sentence is not excessive.

For these reasons, this assignment of error lacks merit.

**DECREE**

The Defendant's convictions and sentences are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

3