# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-588

**STATE OF LOUISIANA**

**VERSUS**

**LORRIE A. ANDERSON**

**AKA LORRIE ANN ANDERSON**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 143445
HONORABLE DAVID MICHAEL SMITH, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, Shannon J. Gremillion, and David Ellis Chatelain\*, Judges.

**CONDITIONALLY AFFIRMED; CASE REMANDED FOR ADDITIONAL HEARING WITH INSTRUCTIONS.**

_____
　　　　\*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Keith A. Stutes**
**District Attorney**
**Allan P. Haney**
**Assistant District Attorney**
**Fifteenth Judicial District Court**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Lorrie A. Anderson a/k/a Lorrie Ann Anderson**

**Roger P. Hamilton, Jr.**
**Assistant District Attorney**
**P. O. Box 12625**
**New Iberia, LA 70562-2625**
**(337) 519-7180**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**EZELL, Judge.**

Defendant, Lorrie A. Anderson, a/k/a/ Lorrie Ann Anderson, was indicted on September 19, 2013, for the aggravated rape of two minor children, a violation of La.R.S. 14:42; aggravated incest involving both children, a violation of the statute designated at the time as La.R.S. 14:78.1; and human trafficking, a violation of La.R.S. 14:46.3.  On September 2, 2014, Defendant entered a plea of no contest to human trafficking and to the reduced charge of molestation of a juvenile, a violation of La.R.S. 14:81.2, pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160 (1970).[1]

> The trial court sentenced Defendant at the plea hearing as follows:
>
> With respect to the molestation of a juvenile charge, I will accept the State's recommendation and what you agreed to.  I sentence you to ten years at hard labor with credit for time served.  That sentence is to run concurrent[ly] with the sentence you will receive in count 3 in a moment.
>
> Count 3, human trafficking, I sentence you to five years at hard labor to run without benefit of probation, parole, or suspension of sentence.  That sentence will run concurrent[ly] with the other charge.  The sentence on the molestation charge only is suspended.  You are placed on active supervised probation for two years.  At the end of any parole with respect to any other charge by the State of Louisiana, you will serve.

Defendant did not file a motion to reconsider her sentences.  She did, however, file a motion for an out-of-time appeal on March 3, 2016.  The trial judge granted the motion on March 24, 2016, and appointed the Louisiana Appellate Project to represent Defendant on appeal.

Appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging no non-frivolous issues existed on which to base an appeal and seeking to withdraw as Defendant's counsel.  On August 10,

---

[1]See a discussion of the difference between a no contest plea and an *Alford* plea below.

2016, Defendant was advised, via certified mail, that counsel filed an *Anders* brief and she had until September 9, 2016, to file a pro se brief. To date, Defendant has not filed a pro se brief.

On September 12, 2016, this court ordered appellate counsel to submit a brief "addressing the confusion surrounding the true nature of Defendant's plea and the issues raised in Defendant's motion for an out-of-time appeal." The order also denied counsel's motion to withdraw. *State v. Anderson*, 16-588 (La.App. 3 Cir. 9/12/16) (unpublished opinion.) Counsel has now filed his brief alleging two assignments of error.

## FACTS

Pursuant to her "best interest plea," Defendant admitted to molestation of a juvenile and to human trafficking. The record does not include details of the crimes except for Office of Child Services (OCS) records in a separate sealed volume.

## ASSIGNMENT OF ERROR NUMBER TWO

Defendant contends the trial court's failure to advise her of sex offender registration and notification requirements prior to the entry of her pleas rendered them involuntary. She contends this requires her pleas to be set aside or, alternatively, requires her to have the opportunity to withdraw her pleas.[2] We address this issue first, because if Defendant's pleas are rendered involuntary, then we must vacate her convictions and sentences.

Defendant signed the "Notification to Sex Offender" form setting out the registration and notification requirements on September 2, 2014, the day she

---

[2]Defendant raises this issue for the first time on appeal. However, this court may consider it because of the constitutional nature of Defendant's argument that her plea was not made freely and voluntarily. *State v. Williams*, 02-707 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095.

entered her guilty plea. The form indicates Defendant's attorney reviewed it with her. The record does not indicate whether Defendant signed the notification form prior to the entry of her plea.

At the plea hearing, the trial court first accepted Defendant's guilty pleas and then stated, "I will order that you follow Louisiana's Sex Offender Laws relative to notice and registration as a Sex Offender." Defendant indicated she understood. Defendant entered no objection to the imposition of the notification requirements at the plea hearing.

Louisiana Revised Statutes 15:543(A) requires the trial court to "provide written notification to any person convicted of a sex offense and a criminal offense against a victim who is a minor of the registration requirements and the notification requirements of this Chapter." Notification must be given on the statutorily required form and "shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant, and an entry shall be made in the court minutes stating that the written notification was provided to such offenders." *Id.*

Failure to advise a defendant of the requirements of registration and notification is a factor that may undercut the voluntary nature of a guilty plea. *State v. Calhoun*, 96-786 (La. 5/20/97), 694 So.2d 909. In *Calhoun*, the supreme court refused to set out a blanket rule that failure to notify of these requirements nullifies a guilty plea. Rather, the court considered the totality of the circumstances under which the pleas were made, including counsel's unpreparedness. Additionally, the defendant's steadfast maintaining his innocence supported his contention that he pled guilty only because his attorney told him he had no possible defenses. The *Calhoun* trial court apparently did not inform the defendant of the registration and notification requirements until his sentencing

3

hearing more than two months after his guilty plea. The defendant "at the least, implicitly stated that he would not have pled guilty had he been informed of the registration requirements." *Id.* at 914. He also raised the issue in a timely-filed motion to withdraw his guilty plea prior to sentencing. The supreme court held that, under these circumstances, the trial court's failure to advise the defendant of the registration requirements prior to accepting the guilty plea undercut the voluntariness of that plea.

The supreme court revisited the issue in *State v. Blanchard*, 00-1147 (La. 4/20/01), 786 So.2d 701, where the trial court denied the defendant's motion to withdraw his guilty pleas because of lack of notification of the registration requirements. The supreme court agreed with the trial court after this court reversed its ruling. The supreme court found the defendant was aware of the registration requirements, but he assumed he would not have to report as a sex offender after entering his best interest pleas. However, he did not allege that assumption was based on anything said or done by the trial court, defense counsel, who testified he had informed his client of the registration requirement, or the prosecutor. In short, the defendant's awareness of the requirements negated any basis for him to withdraw his plea.

Soon after *Blanchard*, this court considered the issue in *State v. Williams*, 02-707 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095. The transcript of the plea hearing showed the trial court informed the defendant, who was represented by counsel, of his *Boykin* rights and of the sentencing range for the offense to which he pled. The defendant did not set out the lack of notification as grounds for the withdrawal of his guilty plea, and he did not allege ineffective assistance of counsel. This court

4

found the totality of the circumstances did not warrant invalidation of the plea. Nevertheless, this court concluded:

> corrective action must still be taken because there is no indication in the record as to whether the defendant is aware of the sex offender registration requirements. Therefore, we remand this matter to the district court to provide appropriate written notice to the defendant of the sex offender registration requirements within ten days of the rendition of the opinion and to file written proof that the defendant received notice in the record of the proceedings.

*Id.* at 1100.

This court cited *Blanchard*, 786 So.2d 701, in *State v. G.T., Jr.*, 10-1469 (La.App. 3 Cir. 6/15/11), 71 So.3d 394. The notification form incorrectly showed the defendant had to register as a sex offender for twenty-five years rather than for his lifetime as required by statute. The evidence did not show whether the defendant was aware of the requirements, of any effect they may have had on the voluntariness of his plea, or whether counsel notified the defendant of the requirements. The guilty plea form did not include the required notice of the registration requirements. Considering the totality of the circumstances, this court remanded the matter for an evidentiary hearing on the voluntariness of the defendant's plea.

On remand, the trial court found the "no contest plea was knowing and voluntary despite the fact that [the defendant] was told he would be tried by a jury of twelve, not advised of the sex offender registration requirements prior to entry of his plea, and was told he would have to register for twenty-five years." *State v. Tomplait*, 12-857, p. 7 (La.App. 3 Cir. 1/9/13) (unpublished opinion). This court noted counsel stated the defendant pled guilty because the State agreed not to file a habitual offender bill. The defendant failed to ask questions about sex offender registration or notification when the trial judge mentioned the registration form at

the plea hearing, and he failed to object to the requirements at the hearing where he was informed of those requirements. He also "received a very favorable plea bargain" by avoiding the habitual offender issue and an additional charge for third-offense driving while intoxicated. *Id.* This court affirmed the trial court's findings and affirmed the defendant's conviction.

In *State v. Murray*, 12-378, 12-379 (La.App. 3 Cir. 4/3/13), 117 So.3d 130, the defendant was not given timely notice of the requirements prior to the entry of his plea of guilty to oral sexual battery and to the reduced charge of molestation of a juvenile. At the hearing of the motion to withdraw his guilty pleas, the defendant testified he pled guilty because his lawyers explained to him the six-year-old victim was going to testify he had raped her, and the evidence showed she had been raped. The defendant was told he would spend the rest of his life in prison if convicted.

An administrative assistant to the defendant's counsel testified he did not tell the defendant of the registration requirements. However, this assistant said he thought the defendant asked about them and the attorney mentioned the requirements to him. Defense counsel testified he did not recall the defendant being given written notice of the requirements. This court found the failure to notify the defendant of the notification and registration requirements was not a factor that undercut the voluntary nature of the pleas in light of the other reasons for the pleas. Although this court remanded the matter for an evidentiary hearing to allow the State to present a factual basis for the guilty pleas, it rejected the defendant's argument concerning the notification requirements.

Here, the record clearly shows Defendant received notice of the notification and registration requirements, albeit late. The record includes Defendant's guilty

6

plea form showing both *nolo contendere* and *Alford* pleas. The "general conditions" of probation applicable to Defendant explain she "shall pay a monthly fee of **eleven dollars** cents [sic] to the Department of Public Safety and Corrections for the 'Sex Offender Registry Technology Fund[']." Defendant and her attorney signed that form on September 2, 2014. However, the form does not indicate whether Defendant signed the form before or after the trial court accepted her guilty pleas.

The next six pages of the trial court record following the guilty plea comprise a "Notification to Sex Offender" form that indicates Defendant reviewed it with her attorney. That form states Defendant "has pled guilty to or been found guilty of" molestation of a juvenile.

Defendant does not plainly set out her innocence in anything contained in the record or in her appellant brief. However, she does contend the evidence against her was weak and her counsel was ill-prepared and "should never have forfeited her rights to an appeal." She argues her counsel should have, "[a]t the very least," entered a plea pursuant to *State v. Crosby*, 338 So.2d 584 (La.1976), which would have allowed her to appeal pre-trial rulings. However, she does not identify any pre-trial rulings she would have appealed or otherwise identify any error of the trial court. Defendant's appellant brief claims she did not know the result of making an *Alford* plea. Nevertheless, she argues she intended to enter a "best interest" plea.

On the other hand, Defendant never made any effort to withdraw her pleas. She has never alleged ineffectiveness of counsel other than to mention, in her appellate brief, that counsel was ill-prepared. She does not plainly argue she would not have pled guilty had she known of the registration requirements. She

7

never alleges she did not know of the notification and registration requirements; rather, she contends simply that the trial court failed to notify her of them.

We find Defendant had adequate knowledge of the notice and registration requirements. Therefore, we now consider Defendant's Assignment of Error Number One.

## ASSIGNMENT OF ERROR NUMBER ONE

Defendant contends the trial court erred in determining her guilty pleas were knowingly and intelligently made. She argues she intended to enter a "best interest plea" and indicated that intent to the trial court. Thus, she argues the trial court erred in accepting her pleas without a factual basis, and they should be set aside.[3]

Here, the indictment filed on September 19, 2013, alleges Defendant committed aggravated incest by willfully and unlawfully engaging in a sexual act with a male and a female, both under the age of eighteen, and both related to Defendant, all in violation of La.R.S. 14:78.1. That indictment alleges Defendant also willingly, unlawfully and knowingly recruited, harbored, transported, provided, sold, purchased, obtained, or maintained the use of the minors for the purpose of engaging in commercial sexual activity in violation of La.R.S. 14:46.3. The indictment was amended to allege the offenses occurred from January 4, 2009, through December 31, 2011.

Exhibits in the record indicate an investigation took place regarding allegations Defendant's daughter was sexually abused by Defendant's drug dealer.

---

[3]Defendant may raise this claim on appeal, even though she did not file a motion to withdraw the pleas, because she alleges her pleas are constitutionally infirm. *See State v. Jordan*, 98-101 (La.App. 3 Cir. 6/3/98), 716 So.2d 36.

The child alleged Defendant allowed the drug dealer to "do things to [her] for drugs."

An OCS Investigation Report dated October 8, 2012, stated both children disclosed Defendant had sexually abused them. OCS made a "Valid finding of Sexual manipulation or fondling by [Defendant]" with regard to both children. On one or more occasions, Defendant abused her daughter in order to get money from "Chicken Man" for drugs.

An employee of the school the children attended told an OCS worker she had heard about Defendant putting her daughter "in a trunk and letting men have sex with [her]." Defendant's daughter told the OCS worker Defendant had "put fingers in her private area[.]" Defendant and victim's father denied Defendant had ever abused the children.

At the plea hearing, the trial court asked Defendant, "Are you afraid that if you went to trial, the State might win and you might be convicted? Is that one of the reasons you want to plead no contest?" Counsel told the trial court he and Defendant had discussed "the pleas to be accepted in this matter[,] and she believes it to be in her best interest to take the deal in count 1."[4] The trial court then asked Defendant, "[D]o you believe it is in your best interest to accept the agreement and plead no contest?" Defendant answered "yes" to the questions asked of her.

The plea agreement form in the record, which Defendant signed, is titled "Plea of Guilty/Nolo Contendere." Where the form states, "I, DEFENDANT above, on my plea of GUILTY/NOLO CONTENDERE . . .," the words "nolo contendere" are circled. However, slightly more than midway through the page,

_____

[4]The plea form includes a hand-written note indicating "Count 1" was dismissed as a result of Defendant's plea. Court minutes also indicate that count was dismissed.

9

the words "Alford plea" are handwritten. Court minutes of September 2, 2014, indicate Defendant "entered a plea of no contest/Alfred [sic] Plea . . . ."

> Generally, a defendant waives the right to question the merits of the State's case or the underlying factual basis by entering a plea of guilt, or plea of *nolo contendere. State v. Brooks,* 38,963 (La.App. 2 Cir. 9/22/04), 882 So.2d 724. "When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for that plea unless the accused protests his innocence or for some other reason the trial court is put on notice that there is a need for such an inquiry. In that event, due process requires a judicial finding of a *significant factual basis* for the defendant's plea." *State v. Linear,* 600 So.2d 113, 115 (La.App. 2 Cir.1992); *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). However, this court has held that a plea of *nolo contendre* [sic] alone, unlike a guilty plea accompanied by a claim of innocence, does not put the trial court on notice that a significant factual basis must be obtained. *State v. Villarreal,* 99-827 (La.App. 5 Cir. 2/16/00), 759 So.2d 126, *writ denied,* 00-1175 (La.3/16/01), 786 So.2d 745; *State v. Guffey,* 94-797 (La.App. 3 Cir. 2/1/95), 649 So.2d 1169, *writ denied,* 95-973 (La.9/22/95), 660 So.2d 469. Citing *Alford,* the Louisiana Supreme Court has stated:

>> Moreover, even assuming that relator had protested his innocence when he entered his guilty plea and further assuming that in all cases involving a *bona fide Alford* plea the record "before the judge [must] contain [ ] strong evidence of actual guilt," the standard under *Alford* is not whether the state may prevail at trial by establishing the essential elements of the crime beyond a reasonable doubt and negating all possible defenses, but rather whether the strength of the factual basis, coupled with the other circumstances of the plea, reflect that the plea "represents a voluntary and intelligent choice among the alternative[s]."

> *State v. Orman,* 97-2089, pp. 1-2 (La.1/9/98), 704 So.2d 245, 245 (citations omitted).

*State v. Johnson*, 04-1266, pp. 6-7 (La.App. 3 Cir. 2/2/05), 893 So.2d 945, 950-51 (second, third, and fourth alterations in orginal). Thus, if Defendant entered a plea of *nolo contendere*, the State was not required to present a factual basis for the plea. In contrast, if Defendant entered an *Alford* plea, the State would have to do so.

10

Louisiana law does not recognize a no contest/*Alford* plea. Indeed, the two pleas are contradictory. "A plea of nolo contendere is equivalent to an admission of guilt," whereas a defendant professes his innocence in an *Alford* plea. *State v. Villarreal*, 99-827, p. 4 (La.App. 5 Cir. 2/16/00), 759 So.2d 126, 129, *writ denied,* 00-1175 (La. 3/16/01), 786 So.2d 745.

In her appellate brief, Defendant states she "believed it was in her best interest to accept the plea agreement and plead no contest." In her motion for an out-of-time appeal, however, she stated she "was unaware that she was taking a 'no contest plea' and what that plea entailed." But, in the next page of her motion, she stated "the court should have taken measures to properly discuss with [her] what the end result would be by her entering into an 'Alford plea'." Adding to the confusion, in her appellate brief (under the section titled "Action of the Trial Court)", she states her counsel should have filed a *Crosby* plea to preserve her right to appeal pre-trial rulings.

If Defendant did in fact intend to enter a best interest plea, the State is not required to enter a factual basis for the plea. However, the record does not clearly indicate which type of plea Defendant entered. Accordingly, we must remand this matter to determine whether Defendant intended to enter a *nolo contendere* plea or an *Alford* plea.

In the event the trial court determines Defendant entered an *Alford* plea, it should give the State the opportunity to enter a factual basis for the pleas in the record. *See State v. Guilbeau*, 11-99 (La.App. 3 Cir. 6/22/11), 71 So.3d 1020.

11

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent; however, the court minutes of sentencing require correction.

The court minutes of sentencing indicate that for Defendant's conviction of human trafficking, she was sentenced to serve five years at hard labor. The sentencing transcript indicates that this sentence was imposed without the benefit of parole, probation, or suspension of sentence. "[I]t is well settled that when the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Thus, we instruct the trial court to correct the court minutes of sentencing to reflect that Defendant's sentence for human trafficking was imposed without these benefits. *See State v. Pete*, 13-1107 (La.App. 3 Cir. 3/5/14), 134 So.3d 196, *writ denied*, 14-705 (La. 11/7/14), 152 So.3d 173, and S*tate v. Clayton*, 10-1303 (La.App. 3 Cir. 5/4/11), 64 So.3d 418, *writ denied*, 11-1015 (La. 11/4/11), 75 So.3d 923.

## DECREE

Defendant's convictions and sentences are conditionally affirmed based on evidence in the record on appeal. However, we remand this matter to the trial court for an evidentiary hearing to determine whether the plea entered constituted an *Alford* plea or a *nolo contendere* plea. If the trial court determines an *Alford* plea was entered, the trial court shall conduct an additional *Boykin* hearing to ensure that there is a factual basis to support Defendant's pleas, and to allow the State an opportunity to present other evidence of Defendant's guilt at that hearing. If the trial court determines the State is unable to establish a sufficient factual basis

12

for Defendant's pleas, the trial court will set aside the convictions and sentences. If the trial court finds the State sufficiently establishes a factual basis, it will affirm Defendant's convictions and sentences. In that event, the trial court is instructed to correct the court minutes of sentencing to reflect Defendant's sentence for human trafficking was imposed without benefit of parole, probation, or suspension of sentence.

Defendant may appeal from any adverse ruling on the issue of whether a factual basis is sufficient to support the plea.

**CONDITIONALLY AFFIRMED; CASE REMANDED FOR ADDITIONAL HEARING WITH INSTRUCTIONS.**