NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-544

STATE OF LOUISIANA

VERSUS

ROBERT NEAL GREEN, JR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 78666
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**AFFIRMED AND REMANDED.**

Don M. Burkett
District Attorney – Eleventh Judicial District
P. O. Box 1557
Many, LA 71449
Telephone: (318) 256-6246
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

Annette Roach
Louisiana Appellate Project
P. O. Box 1747
Lake Charles, LA 70602-1747
Telephone: (337) 436-2900
COUNSEL FOR:
    Defendant/Appellant – Robert Neal Green, Jr.

**Robert Neal Green, Jr.**
**Pro-Se**
**205 Franklin Street**
**Mansfield, LA 71052**
    **Defendant/Appellant – Robert Neal Green, Jr.**

**THIBODEAUX, Chief Judge.**

On December 7, 2018, Defendant, Robert Neal Green, Jr., was charged by bill of information with the simple kidnapping of Diana Wolfe[1] under the Domestic Violence Act (DVA), in violation of La.R.S. 14:45 and 46:2131-2151. Mr. Green pled no contest to the charge on May 9, 2019, and received an agreed upon sentence: five years at hard labor with two years suspended subject to five years of supervised probation, completion of drug-treatment and anger-management programs, no contact with the victim following release, and GPS-ankle monitoring for the duration of Mr. Green's probation. On May 20, 2019, the trial court entered into the record a "Louisiana Uniform Abuse Prevention Order," prohibiting Mr. Green from having any type of contact with the victim.

Mr. Green filed a pro se motion for appeal on June 6, 2019. The next day, June 7, 2019, Mr. Green filed a motion to correct illegal sentence, alleging his sentence was illegal because he had received a maximum sentence plus five years of probation and because it violated double jeopardy. The trial court denied Mr. Green's motion to correct illegal sentence but granted his motion for appeal.[2] For the following reasons, we remand this matter to the trial court to determine whether the victim consents to GPS monitoring and to specify the conditions of the

---

[1]Note, the bill of information states the victim's name is Dianna Wolfe; however, the Louisiana Uniform Abuse Prevention Order lists the victim as Diana Wolfe. For consistency, we will use the spelling indicated in the prevention order throughout this opinion.

[2]Appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging no non-frivolous issues exist on which to base an appeal while noting two alleged errors patent: an improper statutory reference in the bill of information and the lack of legal authority for imposing GPS monitoring during Mr. Green's probation. On October 28, 2019, this court ordered appellate counsel to file a new brief, noting the original brief "raise[d] several errors which counsel suggests may be meritorious; therefore, the filing of an *Anders* brief was not appropriate."

monitoring as required by La.R.S. 46:2143(B).  In all other respects, we affirm Mr.

Green's conviction and sentence.

I.

## ISSUES

Through counsel, Mr. Green raises two issues for this court's review:

1.    the trial court erred in not assuring there was a
      significant factual basis for the plea of no contest
      before accepting the plea in the present case.

2.    the trial court erred in ordering Appellant to be
      placed on a GPS monitoring system upon his release
      from prison.

Mr. Green also raises the following pro se assignment of error:

> trial counsel provided ineffective assistance of
> counsel when he misinformed Mr. Green regarding
> how much time Mr. Green would actually spend in
> jail.

II.

## FACTS AND PROCEDURAL HISTORY

At the time of Mr. Green's plea, the State put forward the following

factual basis for the charge:

> Your Honor, on October 31st, 2018, while in the
> vicinity of Zwolle, Sabine Parish, while on patrol, officers
> came in contact with Diana Wolfe.  She made a statement
> that her boyfriend, Robert Green, had forced her to drive
> around, trying to get to Mansfield.  She stated he took the
> keys any time he got out of the car and kept his hand on
> the gear shift, making sure she could not drive off and
> leave.
>
> When they were on North Obrie Street and
> Highway 171, she ran out of the car into a field[,] and he
> caught her and took her back to the car.

2

> He had threatened her. He had forced her to run a
> red light. He pressed the gas pedal to make her go through
> the red light. She was able to get away on foot at the
> Chevron Station in Zwolle[,] and she hid until help came
> to her.

Although he contested this characterization of the facts, Mr. Green, nevertheless, asked to plead no contest. The trial court accepted his guilty plea, imposing the agreed upon sentence.

## III.

## **ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find there is one error patent concerning a condition of probation.

Louisiana Code of Criminal Procedure Article 895 requires the trial court to impose a supervision fee when it places a defendant on probation. Mr. Green was placed on a five-year probationary period in the present case, but the trial court waived his supervision fee. The failure to impose a probation supervision fee renders Mr. Green's sentence illegally lenient. Nevertheless, "[a]lthough the authority is granted and discretionary under La.Code Crim.P. art. 882, this court will not consider an illegally lenient sentence unless it is an error raised on appeal." *State v. Mayfield*, 18-420, pp. 3-4 (La.App. 3 Cir. 12/6/18), 261 So.3d 101, 104, *writ denied*, 19-46 (La. 5/28/19), 273 So.3d 316.

3

IV.

## LAW AND DISCUSSION

*Significant Factual Basis for Plea*

Mr. Green contends, through counsel, that "[t]he trial court erred in not assuring there was a significant factual basis for the plea of no contest before accepting the plea in the present case." He further asserts that the DVA was improperly referenced in both the bill of information and at the plea because the DVA is only intended "to provide a *civil* remedy for domestic violence."

As to Mr. Green's first contention regarding an insufficient factual basis for his plea, this court has held that if a defendant enters a no contest plea, the State is "not required to present a factual basis for the plea." *State v. Anderson*, 16-588, p. 10 (La.App. 3 Cir. 3/1/17), 214 So.3d 979, 986, *writ denied*, 17-864 (La. 1/29/18), 233 So.3d 609.

> Generally, a defendant waives the right to question the merits of the State's case or the underlying factual basis by entering a plea of guilt, or plea of *nolo contendere*. *State v. Brooks*, 38,963 (La.App. 2 Cir. 9/22/04), 882 So.2d 724. "When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for that plea unless the accused protests his innocence or for some other reason the trial court is put on notice that there is a need for such an inquiry. In that event, due process requires a judicial finding of a *significant factual basis* for the defendant's plea." *State v. Linear*, 600 So.2d 113, 115 (La.App. 2 Cir.1992); *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). However, this court has held that a plea of *nolo contendre* alone, unlike a guilty plea accompanied by a claim of innocence, does not put the trial court on notice that a significant factual basis must be obtained. *State v. Villarreal*, 99-827 (La.App. 5 Cir. 2/16/00), 759 So.2d 126, *writ denied*, 00-1175 (La.3/16/01), 786 So.2d 745; *State v. Guffey*, 94-797 (La.App. 3 Cir. 2/1/95), 649 So.2d 1169, *writ denied*, 95-973 (La.9/22/95), 660 So.2d 469. Citing *Alford*, the Louisiana Supreme Court has stated:

4

> Moreover, even assuming that relator had protested his innocence when he entered his guilty plea and further assuming that in all cases involving a *bona fide Alford* plea the record "before the judge [must] contain [] strong evidence of actual guilt," the standard under *Alford* is not whether the state may prevail at trial by establishing the essential elements of the crime beyond a reasonable doubt and negating all possible defenses, but rather whether the strength of the factual basis, coupled with the other circumstances of the plea, reflect that the plea "represents a voluntary and intelligent choice among the alternative[s]."

> *State v. Orman*, 97-2089, pp. 1-2 (La.1/9/98), 704 So.2d 245, 245 (citations omitted).

*State v. Johnson*, 04-1266, pp. 6-7 (La.App. 3 Cir. 2/2/05), 893 So.2d 945, 950-51

(alterations in original).

In the present case, the following exchange occurred at the plea hearing during the colloquy between the trial court and Mr. Green:

> THE COURT: Is anyone forcing you to plead guilty?
>
> [MR.] GREEN: No, sir.
>
> THE COURT: What happened?
>
> [The State then recited the factual description of the crime quoted above.]
>
> THE COURT: Is that what happened?
>
> [DEFENSE COUNSEL]: Your Honor, Mr. Green would disagree with the characterizations of facts. However, he recognizes it's in his best interest to enter a guilty plea at this time.
>
> THE COURT: Is that correct?
>
> [MR.] GREEN: Yes, sir. I'll do – I'll do – that's not what happened. I mean, there's two sides to every story, Mr. Beasley, but I'd like to plead to no con- may I plead

5

to no contest to this instead of "not guilty"?  I think that's
– that's – that's – can I – may I – may I do that?

THE COURT:        Yes.

[MR.] GREEN:      Yes.

THE COURT:        I'm accepting your guilty plea.

While Mr. Green acknowledges that his statement "was not clearly a

protestation of his innocence," he nonetheless argues this exchange, coupled with

his questions the day of his plea, should have been considered sufficient notice to

require the trial court to make a further inquiry into the facts of the crime and to call

into question the knowing and voluntary nature of his plea.  In support, Mr. Green

cites *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969), particularly the court's

emphasis that a judge may only accept intelligent and voluntary pleas.  Mr. Green

further asserts that his pro se filing of an appeal supports his position that his plea

was not knowingly and intelligently entered.  He contends that his plea should be set

aside.  Alternatively, Mr. Green states:

> if the court concludes that a further inquiry to obtain a
> significant factual basis for the no contest plea was not
> needed because Appellant did not clearly assert his
> innocence, and, thus, the plea was intelligently and
> voluntarily entered, it is submitted that the current case
> law which seemingly relieves the trial courts of their
> obligation to assure that all pleas entered before them are
> knowingly and voluntarily entered, should be overturned.

As we noted in *Anderson*, 214 So.3d at 986, "if Defendant entered a

plea of *nolo contendere*, the State was not required to present a factual basis for the

plea.  In contrast, if Defendant entered an *Alford* plea, the State would have to do

so."  Here, Mr. Green, himself, specifically asked to plead no contest to the charge

and did not protest that he was innocent.  Although Mr. Green does not specifically

argue that his plea was actually an *Alford* plea, he insinuates that he was unaware of

6

the difference between an *Alford* plea and a no contest plea, arguing his confusion should have been sufficient to put the court on notice that a significant factual basis needed to be provided. Our jurisprudence is clear, however, that where a defendant enters a no contest plea and does not expressly protest his innocence, the trial court is not required to inquire any further into the factual basis of the crime. Moreover, we note that the State did, in fact, provide a factual basis, previously quoted herein. Accordingly, we find this argument lacks merit.

We likewise find no merit in Mr. Green's contention that the reference to the DVA in the bill of information was improper. Under La.Code Crim.P. art. 464, "[e]rror in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice." As Mr. Green has alleged no prejudice to the inclusion of the DVA in the bill of information, this claim is meritless.

### GPS Monitoring

Mr. Green contends "[t]he trial court erred in ordering [Mr. Green] to be placed on a GPS monitoring system upon his release from prison." Mr. Green states:

> Although the Family/Dating Violence Act permits the offender to be ordered to participate in an electronic monitoring program, the Act provides for monitoring when civil remedies are imposed or where the trial court imposes a sentence in a criminal case and orders a Uniform Abuse Prevention Order be executed and entered pursuant to La.Code Crim.P. art. 871.1. Although the court did order Appellant to have no contact with the victim, he did not issue a Uniform Abuse Prevention Order. Thus, neither condition is present in this case. Further, the Act specifically requires the victim [to] consent to the use of the electronic monitoring program. La. R.S. 46:2143(A). The record does not show the victim consented to the use of an electronic monitoring program.

Additionally, section B of R.S. 46:2143 requires the trial court to specify the terms of the electronic monitoring program. The court did not do so.

At the outset, we note that Mr. Green's claim is factually inaccurate, as the trial court did, in fact, impose a "Louisiana Uniform Abuse Prevention Order" in this case. That order specifically states that it is a "Sentencing Order," as opposed to "Probation Conditions." We do, however, agree with Mr. Green that La.R.S. 46:2143(A) allows the use of electronic monitoring equipment, but "only if the domestic abuse victim has consented to its use[,]" while La.R.S. 46:2143(B) mandates that the trial court specify the terms of the electronic monitoring program:

> B. The court shall specify the terms of the electronic monitoring program, which shall include but is not limited to the following requirements:
>
> (1) The device shall alert the domestic violence victim and the appropriate law enforcement agency when the domestic violence offender is within a certain distance of the protected person or protected premises, as ordered by the court. The court issuing the order shall be notified of the violation of the order by the local law enforcement agency within twenty-four hours.
>
> (2) The device shall be worn at all times by the domestic violence offender.
>
> (3) Equipment shall be installed or placed in the home of the offender to monitor the compliance of the offender.
>
> (4) The offender shall be placed under the supervision of the Department of Public Safety and Corrections, or the court in misdemeanor cases, for the purposes of monitoring.

Accordingly, we find Mr. Green's sentence should be remanded to the trial court to confirm that the victim, Ms. Wolfe, consents to the monitoring program and to specify the conditions of the monitoring program as required under La.R.S. 46:2143(B).

8

***Ineffective Assistance of Counsel***

In his pro se brief,[3] Mr. Green argues that his guilty plea was not free and voluntary because trial counsel misinformed him regarding the maximum sentence for simple kidnapping as well as the amount of time he would have to spend incarcerated. He alleges that he thought the charge carried twelve years, and if he had been properly informed, he would not have accepted the plea. In his conclusion, Mr. Green contests that he committed a crime and states he is "asking the court to notice the ineffective counsel."

A review of the record reveals that when the trial court informed Mr. Green that the maximum sentence was five years, he had a private, unrecorded conversation with trial counsel following which the trial court informed Mr. Green of the rights he was giving up, and Mr. Green stated no one was forcing him to plead guilty. The conversation regarding changing Mr. Green's guilty plea to a no contest plea recited above then occurred, and the trial court accepted Mr. Green's no contest plea before imposing the agreed-upon sentence in accordance with the plea agreement. After his sentence was imposed, Mr. Green specifically asked the trial court, "I don't have to do the full three, right?" When the trial court informed Mr. Green that the court could not tell him how the Department of Corrections would calculate his time, Mr. Green attempted to ask the assistant district attorney the same question, and the trial court cut him off.

---

[3] Mr. Green first sets forth several complaints regarding testimony given during a preliminary examination hearing held on March 28, 2019. However, because these issues were waived when Mr. Green entered his no contest plea, we pretermit any discussion of them. *See State v. McCullough*, 615 So.2d 26 (La.App. 3 Cir. 1993); *see also State v. Savoie*, 06-1005 (La.App. 3 Cir. 12/6/06), 944 So.2d 838.

9

The record reflects that Mr. Green agreed to the sentence he received in open court, as recorded in the following exchange that occurred after the State laid out its sentencing recommendation:

THE COURT:     Is that your understanding, sir?

[DEFENSE COUNSEL]:  It is, Your Honor.

([MR.] GREEN, speaking privately with [DEFENSE COUNSEL])

[DEFENSE COUNSEL]:  Your Honor, I'm going to ask to pass this matter -

[MR.] GREEN:     - No.  No.  No.  I just got one question.

([MR.] GREEN, speaking privately with [DEFENSE COUNSEL])

THE COURT:     Does your client wish to do this or not, sir?

[MR.] GREEN:     Yes.

This court has repeatedly held that when an appellate record is insufficient to fully explore an ineffective assistance of counsel claim, the claim should be relegated to post-conviction relief proceedings. *See State v. Harris*, 14-981 (La.App. 3 Cir. 3/4/15), 157 So.3d 1230, *writ denied*, 15-704 (La. 3/14/16), 189 So.3d 1066; *State v. Lowry*, 11-314 (La.App. 3 Cir. 11/2/11), 75 So.3d 1012.  As it is impossible to tell from the record what trial counsel actually told Mr. Green regarding the sentence he was agreeing to receive and/or how much time he would actually spend incarcerated, we find Mr. Green's pro se argument regarding ineffective assistance of counsel should be relegated to post-conviction relief.

V.

## **CONCLUSION**

For the foregoing reasons, we remand this matter to the trial court to determine whether the victim consents to GPS monitoring and to specify the conditions of the monitoring as required by La.R.S. 46:2143(B). In all other aspects, we affirm Mr. Green's conviction and sentence.

**AFFIRMED AND REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.